Dick SHERER, d/b/a S & J MOTORS v.
Raymond DeSALVO, Jr.

CA 81-389                                      634 S.W.2d 149

Court of Appeals of Arkansas
Opinion delivered June 9, 1982

*Blevins, Pierce & Stanley,* by: *Robert E. Marston,* for appellant.

*Jim O'Hara,* for appellee.

LAWSON CLONINGER, Judge. Appellee Raymond DeSalvo, Jr. filed a complaint against appellant Dick Sherer, d/b/a S & J Motors, alleging that appellant had sold a car to appellee, and that during the course of negotiations had misrepresented the mileage reading on the automobile's odometer. Appellee asked for compensatory and punitive damages, and made claim under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301-2312 (Supp. 1975-1980), for an attorney's fee of $2,435.00 and expenses of litigation in the sum of $527.14.

Upon trial, the jury awarded appellee $300 for the conversion of personal property in the automobile when it was repossessed by appellant; awarded no punitive damages; found in favor of appellee on the question of breach of implied warranty but awarded no damages; found that appellee's promissory note for the remaining debt on the car should be cancelled; and found that appellee was entitled to possession of the car. The trial judge then awarded appellee an attorney's fee of $1,000 and litigation expenses of $527.14.

The only issue for consideration on this appeal is the propriety of the award of attorney's fee and expenses of litigation. We find no error and we affirm.

The Magnuson-Moss Warranty Act provides:

15 U.S.C. Sec. 2310 (d) (1) . . . a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other equitable relief —

(A) In any Court of competent jurisdiction in any state . . .

. . . .

(2) If a consumer finally prevails in any action brought under paragraph (1) of this subsection, he may be allowed by the Court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses (including attorney's fees based on actual time expended) determined by the Court to have been reasonably incurred by the plaintiff for or in connection with the commencement and prosecution of such action, unless the Court in its discretion shall determine that such an award of attorney's fees would be inappropriate.

Appellant contends that a portion of the claim for attorney's fee and expenses was attributable to defending a separate action brought by appellant against appellee on the promissory note, and to pursuing issues besides claims which were brought under the Magnuson-Moss Warranty Act. Appellee's attorney acknowledges that his time and expenses on all the issues were intermingled, but states that the issues were inseparable. The record indicates that the trial judge considered appellant's contention, and accordingly reduced the attorney's fee from the requested amount of $2,435 to $1,000.

The award, under the circumstances of this case, was highly appropriate and conservative. The issues were inseparable and they all arose out of appellant's breach of warranty. The Act authorizes the court to award costs and expenses, including attorney's fees, unless the court in its discretion shall determine that such award would be inappropriate.

Appellant cites no authority for his point, and we find no merit to his argument that the award is unreasonable and inappropriate.

Affirmed.