CYNTHIA VIEWEG, Plaintiff-Appellant, v. MARSHALL FRIEDMAN, d/b/a Marshall Pontiac, Defendant-Appellee.

Second District   No. 2—87—0770

Opinion filed April 13, 1988.—Rehearing denied May 13, 1988.

472

Thomas Davis, of Zion, for appellant.

Heidi A. Aavang, Judith A. Zakens, and Deborah Nowak-Vanderhoef, all
of Snyder, Clarke, Dalziel & Johnson, of Waukegan, for appellee.

JUSTICE REINHARD delivered the opinion of the court:

Plaintiff, Cynthia Vieweg, filed suit in the circuit court of Lake
County seeking revocation of the purchase of a used automobile and
attorney fees against defendant, Marshall Friedman, doing business
as Marshall Pontiac. Following a bench trial, the trial court entered
judgment for plaintiff, applied a setoff based upon plaintiff's use of
the automobile, and ordered plaintiff's attorney fees to be split be-
tween the parties. Plaintiff appeals contending that the trial court im-
properly applied a setoff and that the award of attorney fees was in-
adequate. Defendant does not appeal from the judgment against him.

On April 29, 1985, plaintiff purchased from defendant a used 1984
Pontiac Fiero for $9,633.60, including tax and incidental expenses.
Shortly after purchasing the vehicle, plaintiff experienced numerous
problems with the vehicle, such as banging noises, overheating, and
stalling.

As a result of these various mechanical difficulties, plaintiff, on
several occasions, brought her vehicle to defendant for service and re-

pair. During a period of approximately 11 months following the purchase of the vehicle, plaintiff brought it in for repair on numerous occasions, and defendant performed various services. The problems were not corrected.

Finally, in March 1986, plaintiff again brought the vehicle to defendant. An examination of the vehicle revealed a cracked cylinder head. Prior to defendant notifying her of this problem, plaintiff contacted an attorney, who prepared a letter on March 13, 1986, which plaintiff signed and mailed to defendant, expressly revoking her acceptance of the vehicle and demanding a refund of the purchase price. Plaintiff did not return to pick up the vehicle. Following defendant's failure to refund the purchase price, plaintiff filed a two-count complaint in the circuit court of Lake County.

Count I sought damages for breach of an implied warranty of merchantability pursuant to section 2—314 of the Uniform Commercial Code (UCC) (Ill. Rev. Stat. 1985, ch. 26, par. 2—314) and revocation of the sale pursuant to section 2—608 of the UCC (Ill. Rev. Stat. 1985, ch. 26, par. 2—608). Count II sought attorney fees under section 2310(d)(2) of the Magnuson-Moss Warranty Act (Magnuson-Moss) (15 U.S.C.A. §2310(d)(2) (West 1982)). Defendant filed an answer but did not assert any counterclaim or setoff.

Following a two-day bench trial, the trial court entered judgment in favor of plaintiff on count I. Additionally, the trial court awarded plaintiff the following: $1,240 for her down payment, $2,431.33 for her installment payments, $1,000 for aggravation and inconvenience, $295 for repair bills, and $182.80 in costs. The court then deducted $2,400 from the damage award as a setoff based upon the stipulated 12,000 miles that plaintiff drove the vehicle multiplied by a rate of $.20 per mile, which rate the trial court derived from the Internal Revenue Code. As to count II, the trial court awarded plaintiff $2,176.88 in attorney fees, which was one-half the fees requested by plaintiff.

Plaintiff first contends on appeal that the court erred in awarding a setoff to defendant because defendant never alleged any setoff in his pleadings, defendant never offered any evidence to establish what the proper setoff should be, and the trial court had no proper basis for utilizing the $.20-per-mile rate in calculating the setoff amount.

As to plaintiff's contentions regarding the setoff, we find the failure of defendant to include a claim for setoff in his pleadings to be dispositive. Defendant argues that he need not plead a setoff because Magnuson-Moss allows an award of the actual purchase price less reasonable depreciation based on actual use. Defendant's argument is in-

applicable, however, because plaintiff expressly premised her damage claim in count I on UCC provisions rather than Magnuson-Moss.

■ Section 2—608 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—608) states, in pertinent part:

"(a) Any claim by one or more defendants against one or more plaintiffs, or against one or more codefendants, whether in the ·nature of setoff, recoupment, cross claim or otherwise, and whether in tort or contract, for liquidated or unliquidated damages, or for other relief, may be pleaded as a cross claim in any action, and when so pleaded shall be called a counterclaim.

(b) The counterclaim shall be a part of the answer, and shall be designated as a counterclaim. Service of process on parties already before the court is not necessary."

Although section 2—608(a) is framed as permissive, it has been held that it does not eliminate the need to include a request for setoff as part of a defendant's pleadings. (*Bartsch v. Gordon N. Plumb, Inc.* (1985), 138 Ill. App. 3d 188, 200, 485 N.E.2d 1105.) A party cannot be afforded relief absent a corresponding pleading. (138 Ill. App. 3d at 200, 485 N.E.2d at 1114.) Furthermore, a setoff must be raised by a defendant in his pleadings, because to allow otherwise would deprive a plaintiff of his right to notice and opportunity to defend against such a claim. *Mayfield v. Swafford* (1982), 106 Ill. App. 3d 610, 612, 435 N.E.2d 953.

■ An examination of defendant's answer here reveals no allegation or claim regarding a setoff for plaintiff's use of the vehicle. The first mention of any sort of reimbursement to defendant for the use of the vehicle arose during final argument by defendant where counsel merely observed that plaintiff had the benefit and use of the vehicle for 11 or 12 months. A setoff was awarded to defendant in the trial judge's written judgment wherein he acknowledged that defendant had not presented any evidence for the setoff. Clearly, plaintiff was not given an opportunity to defend or respond to such a claim. Under these circumstances, we find that the trial court erred in awarding a $2,400 setoff to defendant.

Plaintiff also contends that the trial court erred in reducing the award of her attorney fees by one-half and, further, that she should be awarded attorney fees for this appeal. Defendant responds that the trial court properly exercised its discretion in splitting plaintiff's attorney fees between the parties.

■ We begin with plaintiff's contention that she should receive attorney fees for the prosecution of this appeal. Plaintiff's brief raises this point in one short paragraph that is devoid of any citation of au-

thority or reasoned argument. As such, we find this contention to be waived pursuant to Supreme Court Rule 341(e)(7) (113 Ill. 2d R. 341(e)(7)). Although plaintiff does refer to *Drouin v. Fleetwood Enterprises* (1985), 163 Cal. App. 3d 486, 209 Cal. Rptr. 623, in her reply brief as support for her claim for attorney fees for this appeal, any point waived under Rule 341(e)(7) may not be raised in a reply brief. 113 Ill. 2d R. 341(e)(7).

Moreover, our research fails to indicate a single case in which a court addressed the issue of attorney fees under section 2310(d)(2) of Magnuson-Moss for the successful prosecution of an appeal. Although plaintiff cites *Drouin v. Fleetwood Enterprises* (1985), 163 Cal. App. 3d 486, 209 Cal. Rptr. 623, in her reply brief in support of her contention, it is unpersuasive because the defendant in that case conceded that if the plaintiff prevailed on appeal she was entitled to attorney fees under section 2310(d)(2). (163 Cal. App. 3d 486, 493, 209 Cal. Rptr. 623, 627.) Consequently, the *Drouin* court did not reach the issue of whether a plaintiff who prevails in an appeal is entitled to attorney fees under section 2310(d)(2).

We next address plaintiff's contention that the trial court erred in splitting the award of attorney fees. Section 2310(d)(2) of Magnuson-Moss states:

> "If a consumer finally prevails in any action brought under paragraph (1) of this subsection, he may be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of cost and expenses (including attorneys' fees based on actual time expended) determined by the court to have been reasonably incurred by the plaintiff for or in connection with the commencement and prosecution of such action, unless the court in its discretion shall determine that such an award of attorneys' fees would be inappropriate." (15 U.S.C.A. §2310(d)(2) (West 1982).)

The plain language of section 2310(d)(2) provides that an award of attorney fees to a prevailing plaintiff is within the discretion of the trial court. See *Sherer v. De Salvo* (1982), 5 Ark. App. 178, 180, 634 S.W.2d 149, 150; *Hanks v. Pandolfo* (1982), 38 Conn. Supp. 447, 451, 450 A.2d 1167, 1170; *Trost v. Porreco Motors, Inc.* (1982), 297 Pa. Super. 393, 397, 443 A.2d 1179, 1181.

■ Generally, in reviewing a discretionary award of attorney fees, a reviewing court will not disturb the award absent an abuse of discretion. (*In re Marriage of Bussey* (1985), 108 Ill. 2d 286, 299, 483 N.E.2d 1229; *Lurie v. Canadian Javelin, Ltd.* (1982), 93 Ill. 2d 231, 239, 443 N.E.2d 592.) In this case, the trial court found plaintiff's re-

quest as to the number of hours expended by her attorney and the rates for those hours to be reasonable. The trial court, however, found that "to a certain extent aggravation and inconvenience and attorney's fees are interrelated" and that the plaintiff "contributed equally to the need for the time of the attorney." The trial court did not identify how or to what extent the plaintiff was at fault for the amount of time her attorney expended in this cause. Additionally, our examination of the record does not reveal any evidentiary basis for the trial court's conclusion that plaintiff contributed equally to the need for the time of the attorney.

■ Furthermore, we do not find any legal basis to support the trial court's conclusion that aggravation and inconvenience are interrelated with attorney fees in this type of proceeding. Rather, aggravation and inconvenience are, in certain circumstances, an element of compensatory damages. (*McGrady v. Chrysler Motors Corp.* (1977), 46 Ill. App. 3d 136, 140, 360 N.E.2d 818.) The matter of attorney fees under section 2310(d)(2) of Magnuson-Moss cannot be said to relate to these damages in this instance. Damages are designed to compensate a plaintiff for his loss and injury, whereas the purpose of awarding attorney fees under section 2310(d)(2) is to provide potential litigants with access to legal assistance so that they might pursue a remedy for their injuries or loss. See *Ventura v. Ford Motor Corp.* (1981), 180 N.J. Super. 45, 66-67, 433 A.2d 801, 812.

■ The trial court here abused its discretion in splitting the attorney fees award because there was no basis in the record to support such a reduction and because there was no basis in the law for concluding that aggravation and inconvenience damages are interrelated with attorney fees in this proceeding.

For the foregoing reasons, those portions of the judgment below allowing defendant a setoff of $2,400 and awarding plaintiff only one-half of her total attorney fees of $4,233.76 are reversed, and the cause is remanded with directions to amend the judgment in accordance with the views expressed herein.

Reversed and remanded with directions.

NASH and UNVERZAGT, JJ., concur.