THE CITY OF CHICAGO HEIGHTS, Plaintiff-Appellant, v. DONALD CROTTY *et al.*, Defendants-Appellees.

First District (1st Division)    No. 1—95—4212

Opinion filed April 7, 1997.

Scariano, Kula, Ellch & Himes, Chartered, of Chicago Heights (Todd K. Hayden and David A. Hemenway, of counsel), for appellant.

Buikeman, Hiskes, Dillner, O'Donnell & Marovich, Ltd., of South Holland (Timothy C. Lapp, of counsel), for appellees.

JUSTICE O'BRIEN delivered the opinion of the court:

In May 1986, defendants, Donald Crotty and Donald Schak, filed a federal civil rights action against plaintiff, the City of Chicago Heights. Defendants alleged they were the owners of residential apartment buildings located at 520 through 640 Hickory Street and that plaintiff had demolished those buildings in violation of defendants' civil rights. After a jury returned a verdict in favor of defendants with respect to liability, but prior to a determination of damages, the parties entered into a settlement agreement resolving all issues in the lawsuit. The settlement agreement required plaintiff to compensate defendants in exchange for a release of the claims asserted in their federal action. Paragraph 11 of the settlement agreement also provided that "[t]he [plaintiff] acknowledges that it is the intention of the [defendants] to cause their titles to [the properties located at 520 through 640 West Hickory Street] to be transferred to the [plaintiff] for the sum of $1 (or such other consideration as may be negotiated), and the [plaintiff] agrees to accept such title when tendered."

Defendants later attempted to transfer the properties to a third party. Plaintiff refused to issue the transfer stamps defendants needed to transfer the properties. Plaintiff also filed a complaint for specific performance, requesting that the court order defendants to

convey the properties to plaintiff pursuant to paragraph 11 of the settlement agreement. Defendants filed a counterclaim for declaratory judgment of the settlement agreement, and both parties moved for summary judgment. The trial court denied plaintiff's motion for summary judgment and granted defendants' motion. Plaintiff appeals. We affirm.

■ A summary judgment motion should be granted when the pleadings, together with any depositions, admissions, or affidavits on file, demonstrate that no genuine issues of material fact exist and that the movant is entitled to judgment as a matter of law. 735 ILCS 5/2—1005 (West 1992). Here, no genuine issues of material fact are present; the only issue is whether, as a matter of law, paragraph 11 of the settlement agreement requires defendants to convey the properties to plaintiff.

■ A settlement agreement is in the nature of a contract, and construction of such agreements is governed by principles of contract law. *Solar v. Weinberg*, 274 Ill. App. 3d 726, 731 (1995). The primary objective in contract construction is to give effect to the intent of the parties. If the contract is clear and unambiguous, the court must determine the parties' intent solely from the ordinary and natural meaning of the language of the contract. *Omnitrus Merging Corp. v. Illinois Tool Works, Inc.*, 256 Ill. App. 3d 31, 34 (1993).

■ Contracts also must be interpreted as a whole (*Omnitrus*, 256 Ill. App. 3d at 34), and after examining the entire settlement agreement, we find as a matter of law that defendants were under no absolute duty to convey the properties to plaintiff. Throughout the settlement agreement, whenever an affirmative obligation is imposed on one of the parties, the word "shall" is used. For example, the settlement agreement states that "the Municipality shall pay" a sum of money; the payments "shall be made by wire transfer"; the amounts "shall bear" a certain interest. Black's Law Dictionary defines "shall": "[a]s used in statutes, contracts or the like, this word is generally imperative or mandatory. In common or ordinary parlance, and in its ordinary signification, the term 'shall' is a word of command, and one which has always or which must be given a compulsory meaning; as denoting obligation." Black's Law Dictionary 1233 (5th ed. 1979).

By contrast, paragraph 11 of the settlement agreement states that it is defendants' *intention* to transfer the properties to plaintiff. Black's Law Dictionary defines "intention" as a "[d]etermination to act in a certain way or to do a certain thing. Meaning; will; purpose; design." Black's Law Dictionary 727 (5th ed. 1979). However, while an intention signifies a purpose or design to act in a certain way, it

connotes no *obligation* to do so, since one's purpose or design can change. Thus, the use of the word "intention" here does not mandate that defendants transfer the properties to plaintiff.

Plaintiff argues that such a construction of the settlement agreement, which gives defendants the unbridled right as to whether or not to convey the properties to plaintiff, violates the mutuality of obligation required in all contracts. We disagree. A contract does not lack mutuality simply because its obligations appear unequal or because every obligation or right is not met by an equivalent obligation or right in the other party. *Gordon v. Bauer*, 177 Ill. App. 3d 1073, 1088 (1988). The requirement is met if each party has given adequate consideration for the other's promise. *Gordon*, 177 Ill. App. 3d at 1088. Valuable consideration for a contract consists of some right, interest, profit or benefit accruing to one party or some forbearance, detriment, loss or responsibility given, suffered or undertaken by the other. *F.H. Prince & Co. v. Towers Financial Corp.*, 275 Ill. App. 3d 792, 798 (1995).

Here, plaintiff agreed to compensate defendants and accept the properties when tendered by them, and in return defendants agreed to release plaintiff from the claims involved in their federal civil rights lawsuit. Thus, each party gave adequate consideration for the other's promise and thereby satisfied the mutuality requirement.

For the foregoing reasons, we affirm the trial court.

Affirmed.

CAHILL and THEIS, JJ., concur.