LYNDA J. KHAN, Plaintiff-Appellant, v. JOSEPH SERFECZ, Defendant-Appellee.

First District (2nd Division)    No. 1—97—0927

Opinion filed December 23, 1997.

Lynda J. Khan, of Chicago, appellant *pro se.*

Rock, Fusco, Reynolds & Garvey, Ltd., of Chicago (William J. Hurley III, of counsel), for appellee.

JUSTICE RAKOWSKI delivered the opinion of the court:

Defendant, Joseph Serfecz, owned certain real estate in Elk Grove Village (Village), upon which the Village commenced a condemnation action. As a result of other problems involving the property, defendant filed a federal civil rights suit (federal suit) against the Village and others. Defendant hired plaintiff, Lynda Khan, to prosecute the federal suit. He entered into a contingent fee agreement with plaintiff that provided she would receive 25% of any recovery in the federal suit. The contract provided, however, that if defendant dismissed the federal suit, plaintiff would not receive the contingent fee. Likewise, it provided that if defendant settled any other suit, plaintiff was not entitled to the contingent fee. Defendant settled the condemnation action for $6,150,000. As part of the settlement, defendant agreed to dismiss the federal suit. Plaintiff filed the instant suit,

contending she was entitled to a contingent fee. Defendant filed a motion for judgment on the pleadings pursuant to section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615 (West 1996)). The trial court granted defendant's motion and plaintiff appeals.

The issue is whether the condemnation settlement also constituted a settlement of the federal suit. We reverse and remand because we find that a question of fact exists as to whether the settlement of the condemnation action constituted a settlement of the federal suit.

## FACTS

Defendant was the owner of a shopping center in Elk Grove Village. In 1994, as a result of problems with a tenant, Jewel Foods, defendant filed an antitrust action against Jewel Foods and others. The Village threatened to condemn defendant's property if he did not drop the suit. At defendant's request, plaintiff filed a civil rights suit in the federal district court against the Village and various officials of the Village based on their acts of interfering with defendant's right to seek redress for Jewel Foods' violations. When the Village agreed not to condemn defendant's property, he voluntarily dismissed the federal suit. Nonetheless, in January of 1995, the Village instituted condemnation proceedings. After eight months of unsuccessful negotiations with the Village, defendant asked plaintiff to re-file the federal civil rights suit against the Village. At this time, defendant signed a "retainer and contingency contract for legal services" that provided:

"(a) Fixed Fee: $70,000.00 total. ***

(b) Contingency: Lynda J. Khan & Associates will receive twenty-five per-cent (25%) of amounts recovered, after deducting $70,000.00 to be returned to the client. This applies solely to the settlement of this case; settlement of any other litigation does not apply to this contingency agreement.

The undersigned agrees not to make any settlement of this case except through said attorney and with the same distributed in accordance herewith.

The settlement of this case and the continued prosecution of this case is to be determined by the undersigned. If the undersigned decides to dismiss this case all that will be owed to the Law Offices of Lynda J. Khan & Associates is the amount paid by the undersigned to the date that this litigation is dismissed."

Plaintiff refiled the federal suit. According to plaintiff, at all times, defendant encouraged her to proceed with the suit and denied there was to be any settlement of it. However, in March of 1996, the Village attorneys advised plaintiff that settlement negotiations were underway in the condemnation action that involved defendant's agreement to dismiss the federal suit.

On May 1, 1996, a final order was entered in the condemnation action. The settlement was for $6,150,000. As part of that settlement, the order provided that: (1) prior to deposit of the compensation, defendant was to provide the Village with a signed stipulation for dismissal of the federal suit; (2) within 24 hours of the deposit of the compensation, defendant would dismiss the federal suit; and (3) the stipulation and dismissal order were not to be entered prior to disbursement. Defendant also signed a release and covenant not to sue. It provided that, for good consideration, defendant agreed not to pursue further litigation against the Village and various other individuals and entities, and he further agreed to dismiss the pending federal suit.

Plaintiff received no additional attorney fees as a result of the condemnation settlement and filed the instant suit against defendant. In count I of her complaint, plaintiff alleges breach of contract based on the fact that defendant settled the federal suit as part of the condemnation proceeding and, therefore, she avers she is entitled to 25%. In count II, plaintiff alleges fraud based on the fact defendant misrepresented his intent to prosecute the federal suit where he in fact only hired her to obtain a more favorable settlement in the condemnation proceeding. She also avers that defendant negotiated a settlement of the federal suit without her knowledge or involvement, contrary to the provisions of the contingency agreement.

Plaintiff attached to her complaint, *inter alia*, a copy of the contingency agreement, a copy of the order entered in the condemnation proceeding, and a copy of the release and covenant not to sue signed in the condemnation action. Defendant did not file an answer to plaintiff's complaint.

## ANALYSIS

■ ■ A motion for judgment on the pleadings attacks the sufficiency of plaintiff's complaint to state a cause of action. *Abrams v. Illinois College of Podiatric Medicine*, 77 Ill. App. 3d 471, 475 (1979). It is usually brought after the issues are settled by the pleadings, where the court can consider the complaint and answer. *Oak Park National Bank v. Peoples Gas Light & Coke Co.*, 46 Ill. App. 2d 385, 393 (1964). When defendant fails to file an answer, the motion is in effect a motion pursuant to section 2—615(b) for failure to state a cause of action. Whatever the designation of the motion, the standard is the same: the complaint should not be dismissed unless it is clear that plaintiff could prove no set of facts that would entitle her to relief. Compare *Davis v. Temple*, 284 Ill. App. 3d 983, 989 (1996) (motion to dismiss for failure to state a cause of action), with *Abbott-Interfast*

*Corp. v. Harkabus*, 250 Ill. App. 3d 13, 16 (1993) (motion for judgment on the pleadings). "We must accept as true all well-pleaded facts in plaintiff's complaint and determine whether plaintiff has set forth a cause of action on which relief may be granted." *Abbott-Interfast Corp.*, 250 Ill. App. 3d at 16-17. We must also draw all fair inferences from the pleadings in the plaintiff's favor. *Foley v. Santa Fe Pacific Corp.*, 267 Ill. App. 3d 555, 561 (1994). The court is not concerned whether there is evidence to support the allegations of the complaint. *Abrams*, 77 Ill. App. 3d at 475. "Rather, the sole issue raised by the motion for judgment on the pleadings is whether plaintiff's complaint, when read in light of the defendant's answer [citations] raises a material question of fact as to the existence of a cause of action." *Abrams*, 77 Ill. App. 3d at 475-76. The entry of judgment on the pleadings is proper when, after reviewing the pleadings, the issues raised present only questions of law. *Millers Mutual Insurance Ass'n v. Graham Oil Co.*, 282 Ill. App. 3d 129, 134 (1996). Judgment on the pleadings is precluded if there is a material issue of fact. *Pioneer Bank & Trust Co. v. Austin Bank*, 279 Ill. App. 3d 9, 13 (1996). Because defendant did not file an answer, we can only consider plaintiff's complaint and the exhibits attached thereto in determining the propriety of the trial court's ruling. *Seefeldt v. Millikin National Bank*, 137 Ill. App. 3d 841 (1985).

## A. BREACH OF CONTRACT

Initially, we agree with the parties that the contingency agreement is unambiguous.

Plaintiff contends, however, that even though the contract is unambiguous, the trial court erred in granting judgment on the pleadings because a material issue of fact exists as to whether defendant settled the federal suit as part of the condemnation proceeding without plaintiff's participation while she was still representing him. She contends that defendant did not simply dismiss the federal suit, as would be allowed under the contract, but instead received money in exchange for dismissal that now obligates him to compensate her. She avers that defendant received more compensation for his property than he would have received without her prosecution of the federal suit and it is not logical to conclude that defendant dismissed the federal suit for nothing. Pursuant to section 2—615, well-pled statements and reasonable inferences must be taken as true.

As previously stated, the issue is whether defendant settled the federal suit as part of the condemnation proceeding or whether defendant simply dismissed the federal suit for no value. There is no question that defendant possessed the right to dismiss the federal

suit at any time prior to judgment. Defendant emphasizes this fact and states this is simply what he did: he exercised his right under the contingency agreement to dismiss the suit. This argument, however, does not address the issue. If defendant received additional amounts in the condemnation proceeding as consideration for dismissing the federal suit, this may constitute a settlement of the federal suit. Similarly, if defendant could not receive the condemnation funds before dismissing the federal suit, this also intimates that defendant may have settled the federal suit within the context of the condemnation action. Thus, the mere fact that he dismissed the federal suit does not end the analysis.

■ "Settle" is defined as: "to conclude (a lawsuit) by agreement between the parties usu[ally] out of court." Webster's Third New International Dictionary 2079 (1981). Black's Law Dictionary defines "settlement" as the: "[a]ct or process of adjusting or determining; an adjusting; an adjustment between persons concerning their dealings or difficulties; an agreement by which parties having disputed matters between them reach or ascertain what is coming from one to the other; *** determination by agreement ***. *** In legal parlance, implies meeting of minds of parties to transaction or controversy." Black's Law Dictionary 1231 (5th ed. 1979). A settlement agreement is in the nature of a contract and contract principles apply. *City of Chicago Heights v. Crotty*, 287 Ill. App. 3d 883, 885 (1997). Thus, each party must give consideration for the other's promise. *City of Chicago Heights*, 287 Ill. App. 3d at 886; *Johnson v. Hermanson*, 221 Ill. App. 3d 582, 584 (1991). "Generally, anything of detriment to one side, or benefit to the other, may constitute sufficient consideration to support a settlement." *Wilson v. The Hoffman Group, Inc.*, 131 Ill. 2d 308, 321 (1989).

■ For the reasons that follow, we conclude that provisions in the condemnation order and release, attached to plaintiff's complaint, create conflicting inferences as to precisely which cause(s) of action defendant settled. As such, a question of fact exists as to whether defendant settled the federal suit or simply dismissed it without consideration.

In her complaint, plaintiff alleged that settlement of the federal suit occurred as part of the settlement of the condemnation proceeding. The order entered in the condemnation proceeding contains facts to support this allegation. First, it begins by stating that the matter is before the court for ascertainment of just compensation for fee simple title to the property. However, the court then finds that just compensation has been determined "based on the agreement of the parties." It further provides that the parties have reached an agree-

ment as set forth "herein." The order then encompasses facts regarding the condemnation proceeding as well as facts regarding the federal suit. The order requires that as part of the condemnation settlement, defendant dismiss the federal suit. The federal suit was an action completely distinct from the condemnation proceeding. By virtue of the fact it was referenced and specifically dealt with in the condemnation order, a reasonable inference could be drawn that the federal suit was settled within the context of the condemnation settlement. The order also contains a provision holding the Village harmless for any claims brought by plaintiff relative to the federal suit.

Additionally, the release and covenant not to sue signed by defendant states that for *just compensation* defendant would not further pursue litigation against the Village and that he would dismiss the pending federal suit. The release and covenant further provides that it "arises out of a settlement of claims," and later states "that the aforementioned cause of actions [federal suit and condemnation proceeding] involve disputed claims." Thus, there are facts present that lead to the inference that defendant settled the federal suit within the context of the condemnation action.

Conversely, the provisions of the order also contain facts that lead to the inference that defendant settled only the condemnation action. Several paragraphs contain language that the just compensation or "full compensation" is "for the taking of fee simple." Likewise, one paragraph states: "IT IS FURTHER ORDERED AND ADJUDGED, by agreement of the parties, that the award of just compensation is for the fee simple title to the Subject Property." From this language, one could reasonably infer that defendant received compensation for the condemnation only. Additionally, simply because defendant dismissed the federal suit as part of the condemnation proceeding does not necessarily mean he settled the federal suit. Similarly, simply because defendant received more than market value for his property, if proven true, does not necessarily equate to a settlement of the federal suit. The Village may have been willing to give defendant additional money, above and beyond market value, to obtain immediate possession of the property and avoid the costs and perils of litigation. Therefore, the Village could have had motivations for paying over market value other than settlement of the federal suit. Thus, facts are present to support an inference that defendant dismissed the federal suit without compensation.

Because reasonable conflicting inferences may be drawn from the facts, judgment on the pleadings was inappropriate.

## B. FRAUD

Plaintiff also contends that a question of fact exists as to whether

defendant defrauded her. Plaintiff states, however, that this issue was not addressed by defendant in his motion for judgment on the pleadings nor was it addressed by the trial court.

■ The motion for judgment on the pleadings does not address the fraud count on its merits. The only reference to that count is in defendant's prayer for relief in which he asks that the court enter judgment on the pleadings in his favor and against plaintiff on counts I and II of her complaint. Plaintiff's response and memorandum in support of response do not address fraud nor does defendant's reply. The court order granting judgment on the pleadings does not mention fraud or the fraud count and there is no transcript of proceedings. Apparently the trial court determined that since defendant had an unfettered right to dismiss at any time and for any reason, there was no action for fraud. If the trial court was correct, we would agree. However, we have concluded that the trial court's basis for entering judgment was improper. Under these circumstances, we remand to the circuit court for a determination of whether plaintiff stated a cause of action for fraud.

## CONCLUSION

For the foregoing reasons, the entry of judgment on the pleadings was inappropriate. Accordingly, we reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.

McNULTY, P.J., and O'MARA FROSSARD, J., concur.