ELLA MELTON, Plaintiff-Appellee v. FRIGIDAIRE *et al.*, Defendants-Appellants.

First District (2nd Division)   No. 1—03—1447

Opinion filed February 24, 2004.

John M. O'Halloran and Loari M. O'Halloran, both of Coleman, O'Halloran & Wynn, L.L.C., of Chicago, for appellants.

Scott M. Cohen, of Krohn & Moss, Ltd., of Chicago, for appellee.

PRESIDING JUSTICE WOLFSON delivered the opinion of the court:

This case began as a dispute about a recalcitrant refrigerator. It now presents us with a fee-shifting issue that is a matter of first impression in the courts of this state: whether a party to a settlement agreement is a "prevailing party" entitled to attorney fees and costs under the Magnuson-Moss Warranty—Federal Trade Commission Improvement Act (Magnuson-Moss Warranty Act or Act) (15 U.S.C. § 2301 *et seq.* (1994)). The trial court found the settling plaintiff was a prevailing party and awarded attorney fees and costs to plaintiff's attorney. We affirm and remand.

FACTS

Plaintiff Ella Melton sued defendants, Frigidaire and Best Buy, under the Magnuson-Moss Warranty Act for defects in a refrigerator she purchased from defendants in 1996. In her complaint, plaintiff alleged the refrigerator was defective, and the defect had not been cured after several repair attempts by the manufacturer, Frigidaire. Plaintiff alleged she revoked her acceptance of the refrigerator in writing after a reasonable number of repair attempts. The complaint stated claims for breach of written warranty, breach of implied warranty, and revocation of acceptance.

On February 20, 2003, the parties settled the lawsuit, one day before a scheduled mandatory arbitration. Defendants agreed to refund plaintiff the purchase price of the refrigerator and service contract, a total of $531.92. Plaintiff was allowed to keep the refrigerator. The parties agreed the trial court would determine whether plaintiff's attorneys were entitled to attorney fees and the reasonableness of such fees. The terms of the settlement agreement were memorialized in a February 20, 2003, letter from plaintiff's attorney to defendants' attorneys. The letter was made part of the record through an attachment to plaintiff's petition for attorney fees and costs. We assume the attachment made the trial court aware of the terms of the settlement agreement. The agreement was before the court.

On February 26, 2003, plaintiff filed a petition for attorney fees and costs in the amount of $4,131.90. Defendants filed a response, contending plaintiff was not entitled to attorney fees because there was no breach of the Magnuson-Moss Warranty Act, and because plaintiff was not a "prevailing party" under the Act.

■ Section 2310(d)(2) of the Act provides:

"If a consumer finally prevails in any action brought under paragraph (1) of this subsection, he may be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of cost and expenses (including attorneys' fees based on actual time expended) determined by the court to have been reasonably incurred by the plaintiff for or in connection with the commencement and prosecution of such action, unless the court in its discretion shall determine that such an award of attorneys' fees would be inappropriate." 15 U.S.C. § 2310(d)(2) (1994).

On April 15, 2003, the trial court awarded attorney fees in the amount of $2,603 and costs in the amount of $196.90 to be paid by defendants to Krohn & Moss, Ltd. The order read:

"This cause coming to be heard on Plaintiff's Petition for Attorneys' Fees and Costs, all parties having notice and the Court being fully advised in the premises; IT IS HEREBY ORDERED:

1) The DWP entered on 4/14/03 is hereby vacated;

2) This matter is dismissed pursuant to settlement with the Court to retain jurisdiction in order to enforce the terms of the settlement;

3) Plaintiff's Petition for Attorneys' Fees is granted in part and denied in part. This Honorable Court awards attorneys' fees to Krohn & Moss in the amount of $2,603.00 and costs in the amount of $196.90 to be paid by Defendants to Krohn & Moss, Ltd."

Defendants appeal the award of attorney fees and costs. If plaintiff prevails on appeal, she asks us to remand the case to the circuit court to petition for additional fees incurred in this appeal.

ANALYSIS

I. Standard of Review

■ Initially, the parties disagree on the proper standard of review. Plaintiff contends the abuse of discretion standard applies because the trial court has discretion to determine the appropriate amount of attorney fees and costs incurred. *Harman v. Lyphomed, Inc.*, 945 F.2d 969, 973 (7th Cir. 1991). Defendants contend the *de novo* standard is the standard of review. We agree with defendants. There is no factual dispute here. The primary issue, whether plaintiff is a "prevailing party" for purposes of the fee-shifting statute, is one of statutory

construction. "Construction of a statute is a purely legal question, appropriately subject to *de novo* review." *In re Marriage of Murphy*, 203 Ill. 2d 212, 219, 786 N.E.2d 132 (2003). We review defendants' contentions *de novo*.

## II. Merits of the Underlying Action

■ Defendants first contend plaintiff's causes of action do not fall within the Magnuson-Moss Warranty Act.

Based on the pleadings and the record before us, we see no reason to say this is anything other than a Magnuson-Moss case. Defendant agreed to settle the case by giving plaintiff a full refund and allowing plaintiff to keep the refrigerator. The only issue is whether the plaintiff is a "prevailing party" under the fee-shifting provision of the Magnuson-Moss Warranty Act.

## III. Prevailing Party

Defendants contend plaintiff is not a "prevailing party," pursuant to section 2310(d)(2) of the Magnuson-Moss Warranty Act, entitling her to attorney fees. Relying on the United States Supreme Court's decision in *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598, 600, 149 L. Ed. 2d 855, 860, 121 S. Ct. 1835, 1838 (2001), and this court's decision in *Bruemmer v. Compaq Computer Corp.*, 329 Ill. App. 3d 755, 768, 768 N.E.2d 276 (2002), defendants contend a party may recover attorney fees only after securing a judgment on the merits or a court-ordered consent decree.

■ Under the "American Rule," parties generally are required to pay their own attorney fees and are not entitled to collect fees from the loser. *Buckhannon*, 532 U.S. at 602, 149 L. Ed. 2d at 861, 121 S. Ct. at 1839. Certain statutes, however, explicitly provide for the award of attorney fees to the "prevailing party." *Buckhannon*, 532 U.S. at 602, 149 L. Ed. 2d at 861, 121 S. Ct. at 1839.

In *Buckhannon*, 532 U.S. at 600-01, 149 L. Ed. 2d at 860, 121 S. Ct. at 1838, a company that operated assisted living residential care facilities claimed the "self-preservation" requirement in a state statute violated the Fair Housing Amendments Act of 1988 (FHAA) (42 U.S.C. § 3601 *et seq.* (1994)), and the Americans with Disabilities Act of 1990 (ADA) (42 U.S.C. § 12101 *et seq.* (1994)). See W. Va. Code §§ 16—5H—1, 16—5H—2 (1998) (requiring that all residents of residential board and care homes be capable of "self-preservation," or capable of moving themselves "from situations involving imminent danger, such as fire"). Before trial, the West Virginia legislature enacted two bills eliminating the "self-preservation" requirement. The district court granted respondents' motion to dismiss the case as moot.

■ The petitioners requested attorney fees as the "prevailing party" under the FHAA and ADA. *Buckhannon*, 532 U.S. at 601, 149 L. Ed. 2d at 861, 121 S. Ct. at 1838. They relied on the "catalyst theory," which defines a "prevailing party" as one who "achieves the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." The Supreme Court rejected the catalyst theory, holding the term "prevailing party" does not include a party who has achieved the desired result because the lawsuit brought about a voluntary change in the defendant's conduct, but has failed to secure a judgment on the merits or a court-ordered consent decree. *Buckhannon*, 532 U.S. at 600, 149 L. Ed. 2d at 860, 121 S. Ct. at 1838.

The Court discussed its opinion in *Maher v. Gagne*, 448 U.S. 122, 65 L. Ed. 2d 653, 100 S. Ct. 2570 (1980), where it held settlement agreements enforced through a consent decree may serve as the basis for an award of attorney fees. Although a court-ordered consent decree does not always include an admission of liability by the defendant, it nonetheless is a "court-ordered 'chang[e] [in] the legal relationship between [the parties].' " *Buckhannon*, 532 U.S. at 604, 149 L. Ed. 2d at 862, 121 S. Ct. at 1840, quoting *Texas State Teachers Ass'n v. Garland Independent School District*, 489 U.S. 782, 792, 103 L. Ed. 2d 866, 877, 109 S. Ct. 1486, 1493 (1989). "A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change." *Buckhannon*, 532 U.S. at 605, 149 L. Ed. 2d at 863, 121 S. Ct. at 1840.

In *Bruemmer*, 329 Ill. App. 3d at 768, this court, relying on *Buckhannon*, held the plaintiff could not be deemed a "prevailing party" under the Magnuson-Moss Warranty Act because he did not secure a judgment on the merits or a court-ordered consent decree. The plaintiff had sued the manufacturer for making a defective computer. After the suit was filed, defendant attempted to tender a refund to the plaintiff for the purchase price of the computer; however, plaintiff refused to accept it. The trial court dismissed all of plaintiff's claims with prejudice but waited to enter a final appealable order pending a determination of attorney fees. Plaintiff filed a petition seeking $38,900 in attorney fees and costs. While the petition was pending, plaintiff accepted and cashed a refund check tendered by defendant for the full purchase price of the computer. The trial court awarded plaintiff $6,000 in attorney fees and costs and entered a final order dismissing plaintiff's complaint as moot. *Bruemmer*, 329 Ill. App. 3d at 757-60.

This court affirmed the dismissal of plaintiff's claims and the denial of attorney fees beyond the $6,000 uncontested award. *Bruemmer*, 329 Ill. App. 3d at 769. We rejected the plaintiff's argument that although

his action was dismissed, he "prevailed" in that he received the desired refund. As in *Buckhannon*, there was no judicially sanctioned alteration in the legal relationship of the parties. *Bruemmer*, 329 Ill. App. 3d at 768. There was no settlement agreement presented in the trial court.

In *Bruemmer*, the court concluded the plaintiff did not secure a judgment on the merits or a court-ordered consent decree and, therefore, could not be deemed a "prevailing party," relying on *Buckhannon*. *Bruemmer*, 329 Ill. App. 3d at 768. We recognize that *Buckhannon* is entitled to be considered a controlling interpretation of federal law. However, we believe the *Buckhannon* holding is broader than the limiting language in *Bruemmer*. We believe the requirement is a "necessary judicial *imprimatur*" on the "alteration in the legal relationship of the parties." *Buckhannon*, 532 U.S. at 605, 149 L. Ed. 2d at 863, 121 S. Ct. at 1840. That can be something more than a judgment on the merits or a court-ordered consent decree.

The circumstances in this case differ from those in *Buckhannon* and *Bruemmer*. Here, the settlement agreement, as enforced by the trial court, expressly changed the parties' legal relationship. In *Richard S. v. Department of Developmental Services*, 317 F.3d 1080, 1086 (9th Cir. 2003), the court held a plaintiff "prevails," and thus is entitled to attorney fees and costs, when he or she enters into a legally enforceable settlement agreement with the defendant. The complaint in *Richard S.* was filed under the ADA and the Civil Rights Attorney's Fees Awards Act of 1976 (42 U.S.C. § 1988 (1994)). The court held the plaintiff did not claim to be a prevailing party simply because he was a catalyst for change; rather, the settlement agreement afforded him a legally enforceable instrument which made him a prevailing party. Furthermore, the district court's retention of jurisdiction over the attorney fees issue "provided sufficient judicial oversight to justify an award of attorneys' fees and costs." *Richard S.*, 317 F.3d at 1087.

The Seventh Circuit and the Northern District of Illinois have addressed this issue.

In *T.D. v. LaGrange School District No. 102*, 349 F.3d 469 (7th Cir. 2003), the parties entered into a settlement agreement before trial on the plaintiff's claim under the Individuals with Disabilities Education Act (IDEA) (20 U.S.C. § 1400 *et seq.* (2000)). The district court granted attorney fees to the plaintiff as the "prevailing party." The Seventh Circuit held *Buckhannon* applied to the fee-shifting provision of the IDEA because "prevailing party" is a legal term of art that is interpreted consistently across fee-shifting statutes. *T.D.*, 349 F.3d at 475. However, the court held T.D. was not a prevailing party under *Buckhannon*. Doing so, the court agreed with the Fourth Circuit's conclusion that some settlement agreements may confer prevailing party status if they are sufficiently analogous to a consent decree. The

analogy would hold where a settlement agreement was embodied in a court order that carried the obligation to comply with the settlement terms. See *Smyth v. Rivero*, 282 F.3d 268, 281 (4th Cir. 2002). The settlement agreement in *T.D.* did not meet those criteria—it was not embodied in a court order or judgment, it did not bear the district court judge's signature, and the district court had no continuing jurisdiction to enforce the agreement. *T.D.*, 349 F.3d at 479.

In *Federation of Advertising Industry Representatives, Inc. v. City of Chicago*, 326 F.3d 924, 932 (7th Cir. 2003), the court found the plaintiff's claim had been rendered moot by the City of Chicago's repeal of the challenged ordinance. The plaintiff was not entitled to attorney fees as the prevailing party because there was no "judicially sanctioned change in the legal relationship of the parties." *Federation*, 326 F.3d at 933.

In *Sonii v. General Electric*, No. 95 C 5370 (N.D. Ill. June 11, 2003), the plaintiffs filed suit for alleged violations of Title VII of the Civil Rights Act of 1964 (Title VII) (42 U.S.C. § 2000e *et seq.* (2000)). The parties entered into a settlement agreement that resolved plaintiff's claims, but provided the district court should resolve the issue of attorney fees.

The court held *Buckhannon* did not limit prevailing party status to a judgment on the merits or a court-ordered consent decree. The district court said the majority of courts interpret *Buckhannon* more broadly, viewing judgments on the merits and consent decrees as nonexclusive examples of judicially sanctioned changes. *Sonii*, slip op. at 12, citing *Federation*, 326 F.3d at 924; *John T. v. Delaware County Intermediate Unit*, 318 F.3d 545, 558 (3d Cir. 2003); *Smyth*, 282 F.3d at 281; *Johnny's IceHouse, Inc. v. Amateur Hockey Ass'n*, No. 00 C 7363 (N.D. Ill. August 7, 2001). "[I]n most of the post-*Buckhannon* cases in which courts have found settling plaintiffs to be prevailing parties in the absence of a consent decree, the district court had given 'judicial sanction' in some capacity, most commonly by the incorporation of the parties' agreement into a court order and/or the retention of jurisdiction to enforce its terms." *Sonii*, slip op. at 16. The settlement agreement in *Sonii*, not sanctioned or approved by the court, did not support an award of attorney fees. *Sonii*, slip op. at 22-23; see also *Kossov v. Perryman*, No. 01 C 8051 (N.D. Ill. May 1, 2002) (case was dismissed as moot because INS voluntarily issued a green card to the plaintiff, absent a judgment or consent decree; plaintiff could not be considered a prevailing party); *Johnny's IceHouse, Inc. v. Amateur Hockey Ass'n of Illinois*, No. 00 C 7363 (N.D. Ill. August 7, 2001) (court's order formalizing and memorializing defendant's commitment to discontinue disciplinary proceedings legally altered the relationship between the parties, making plaintiff a prevailing party).

■ The Magnuson-Moss Warranty Act has a salutary purpose. It is designed to "improve the adequacy of information available to consumers, prevent deception, and improve competition in the marketing of consumer products." 15 U.S.C. § 2302(a) (2000). Consumers require the assistance of counsel to enforce their rights under the Act.

Public policy behind fee-shifting provisions supports the award of attorney fees. See *State Farm Fire & Casualty Co. v. Miller Electric Co.*, 231 Ill. App. 3d 355, 359, 596 N.E.2d 169 (1992) (fee-shifting provisions were enacted to vindicate the rights of a consumer injured by the defendant and intended to encourage consumers to pursue their legal remedies by providing them with legal assistance); *Vieweg v. Friedman*, 173 Ill. App. 3d 471, 476, 526 N.E.2d 364 (1988) (purpose of awarding attorney fees under section 2310(d)(2) is to provide potential litigants with access to legal assistance so they might pursue a remedy for injuries or loss); *Skelton v. General Motors Corp.*, 860 F.2d 250, 253 (7th Cir. 1988) (statutory fee-shifting provisions reflect the intent of Congress "to encourage private enforcement of the statutory substantive rights, be they economic or noneconomic, through the judicial process").

■ We find plaintiff was entitled to attorney fees as a prevailing party. We believe *Buckhannon* points to a judgment on the merits and a court-ordered consent decree as nonexclusive examples of situations in which a plaintiff may achieve prevailing party status. Here, the court's order retaining jurisdiction "in order to enforce the terms of the settlement" that had been presented to the court addresses the need expressed in *Buckhannon* and *Bruemmer* for a " 'material alteration of the legal relationship of the parties' " (*Buckhannon*, 532 U.S. at 604, 149 L. Ed. 2d at 863, 121 S. Ct. at 1840, quoting *Texas State Teachers*, 489 U.S. at 792-93, 103 L. Ed. 2d at 878, 109 S. Ct. at 1494) and the "judicial approval and oversight involved in consent decrees" (*Buckhannon*, 532 U.S. at 604 n.7, 149 L. Ed. 2d at 863 n.7, 121 S. Ct. at 1840 n.7). We believe the extent of the court's involvement in enforcing the settlement agreement sets this case apart from those in which the plaintiff merely brings about a voluntary change in the defendant's conduct.

The settlement agreement has the requisite amount of judicial oversight to be substantially equivalent to a court-ordered consent decree. See *Ad-Ex, Inc. v. City of Chicago*, 207 Ill. App. 3d 163, 177, 565 N.E.2d 669 (1990) (A consent decree is not a judicial determination of the rights of the parties, nor is it a representation of the judgment of the court. It is "merely the court's recordation of the private agreement of the parties"). The court not only was aware of the terms of the settlement agreement, but expressly retained jurisdiction to

enforce those terms. There was a judicially sanctioned change in the relationship of the parties.

A settlement between parties to a lawsuit is a contract, enforceable as a contract. *City of Chicago Heights v. Crotty*, 287 Ill. App. 3d 883, 885, 679 N.E.2d 412 (1997). If the trial court's actions are limited to dismissing the lawsuit, it has not played a role in the settlement. Its role is passive, at best. But if the trial court reserves jurisdiction to enforce the settlement that has been presented to it, as this trial court did, it has used its judicial power to ensure the terms of the settlement will be carried out. That gives the trial court an active role in the settlement. It is a "judicial *imprimatur*."

Limiting attorney fees and costs to cases where a plaintiff has secured a judgment on the merits or a consent decree would discourage attorneys from bringing actions under Magnuson-Moss. It would virtually eliminate the disposition of cases through settlement, a disservice to the efficient administration of justice.

## IV. Appellate Attorney Fees

■ Plaintiff requests that we remand the case so that she may petition for additional fees incurred in this appeal. Section 2310(d)(2) of the Act provides a party who finally prevails in an action may recover attorney fees "reasonably incurred by the plaintiff for or in connection with the commencement and prosecution of such action, unless the court in its discretion shall determine that such an award of attorneys' fees would be inappropriate." 15 U.S.C. § 2310(d)(2) (1994). The Act does not clearly mandate appellate attorney fees.

In *Check v. Clifford Chrysler-Plymouth of Buffalo Grove, Inc.*, 342 Ill. App. 3d 150, 166, 794 N.E.2d 829 (2003), this court remanded a case to allow the plaintiff to petition for additional fees for defending the judgment on appeal. The plaintiff's claims were brought under the Magnuson-Moss Warranty Act and the Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act) (815 ILCS 505/1 *et seq.* (West 1996)); the court did not distinguish the two claims in remanding the case. *Check*, 342 Ill. App. 3d at 166.

The *Check* court cited *Chesrow v. Du Page Auto Brokers, Inc.*, 200 Ill. App. 3d 72, 76, 557 N.E.2d 1301 (1990), where we held the Consumer Fraud Act allows for the award of attorney fees incurred on appeal. The Consumer Fraud Act allows the circuit court to award "reasonable attorney's fees and costs to the prevailing party." 815 ILCS 505/10a(c) (West 1998); *Chesrow*, 200 Ill. App. 3d at 76. The court based its decision on the Consumer Fraud Act's requirement that it be " 'liberally construed to effect the purposes thereof' " and the "statutory mandate to provide appropriate remedies to defrauded

consumers." *Chesrow*, 200 Ill. App. 3d at 76, quoting Ill. Rev. Stat. 1989, ch. 121½, par. 271a, and citing *Warren v. LeMay*, 142 Ill. App. 3d 550, 583, 491 N.E.2d 464 (1986). See also *Troutman v. Pierce, Inc.*, 402 N.W.2d 920, 925 (N.D. 1987) ("We do not believe that a prevailing consumer's attorney-fee award under the Magnuson-Moss Act at the trial level should be dissipated by uncompensated costs, expenses and attorney fees in successfully defending a judgment on appeal"); *Ustrak v. Fairman*, 851 F.2d 983, 990 (7th Cir. 1988) (plaintiff who was a prevailing party in a civil rights action was entitled to reasonable expenses incurred on appeal; plaintiff "had no choice" but to incur them or forfeit his victory below).

Allowing a plaintiff to petition for appellate attorney fees and costs furthers the Act's goal of providing consumers with legal assistance to enable them to pursue a remedy for injury or loss. See *Vieweg*, 173 Ill. App. 3d at 476. We believe the reasoning allowing consumers to obtain appellate attorney fees for successfully obtaining relief under the Consumer Fraud Act also applies to Magnuson-Moss. We remand the case to allow plaintiff to petition for attorney fees and costs incurred on appeal. The trial court has discretion to allow or reject the petition.

CONCLUSION

We affirm the trial court's order granting attorney fees to the plaintiff and remand the case to the trial court for consideration of attorney fees and costs incurred on appeal.

Affirmed and remanded.

BURKE and GARCIA, JJ., concur.