(No. 13209.—Reversed and remanded.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHARLES MANKUS *et al.* Plaintiffs in Error.

*Opinion filed April 21, 1920.*

CRIMINAL LAW—*statute for summoning jury must be substantially complied with.*  A mere irregularity in an attempt to comply with the law for providing a jury will not be fatal, but where a statute points out a method to be pursued in selecting and summoning a jury some attempt should be made to comply with the law, as the common law powers of courts to provide juries is subordinate to the methods expressly provided by statute.  (*Healy* v. *People,* 177 Ill. 306, followed.)

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on writ of error to the County Court of Sangamon county; the Hon. JOHN B. WEAVER, Judge, presiding.

JOHN G. FRIEDMEYER, for plaintiffs in error.

EDWARD J. BRUNDAGE, Attorney General, C. F. MORTIMER, State's Attorney, and C. W. MIDDLEKAUFF, (EDWARD PREE, and JAMES M. WELDON, of counsel,) for the People.

Mr. JUSTICE FARMER delivered the opinion of the court:

This writ of error was sued out to review a judgment of the Appellate Court for the Third District affirming a judgment of the county court of Sangamon county, in which court plaintiffs in error were convicted and sentenced for selling intoxicating liquors in anti-saloon territory.

An information was filed in the county court by the State's attorney, consisting of ten counts, charging plaintiffs in error with having sold on the 23d day of May, 1918, intoxicating liquor in the town of Capital, Sangamon county, Illinois, while said town was anti-saloon territory. The information was sworn to by John A. Wheeler, who was sheriff of said county, and was filed May 28, 1918.

Plaintiffs in error were arrested and entered into recognizance for their appearance. The criminal cases for the June term, including the information against plaintiffs in error, were set for July 1. The setting was made in accordance with a list filed in the county court by the State's attorney the first day of the June term, without the knowledge of plaintiffs in error. The county judge on the first day of the June term appointed John W. Richardson special bailiff in all criminal cases set for July 1, and in the order appointing him further ordered that he summon thirty-six jurors to report July 1, 1918. The reason for appointing a special bailiff was that the sheriff was interested in the prosecution of the case. His name was indorsed on the information as a witness and it was he who made affidavit to the truth of the information. A venire was issued to Richardson, the special bailiff, to summon said jury. The return of the venire shows thirty-six jurors were summoned. The settings of cases for July 1 were continued to July 8. Before any cases were called for trial on that day plaintiffs in error moved to quash the venire and return, and assigned as reasons for the motion that the court had no authority to issue the venire and to appoint a special bailiff. The motion was overruled and plaintiffs in error then challenged the array, assigning ten grounds of the challenge, among them that the jury was not drawn and summoned according to law; that plaintiffs in error had not demanded a jury prior to the setting of the case; that neither they nor the State's attorney had made any objection to the sheriff summoning the jury, and that the special bailiff was prejudiced against the plaintiffs in error because they were charged with violating the Local Option law and had summoned jurors with like prejudice. Affidavits were filed in support of the motion, in some of which the affiants alleged they had been informed by persons who professed to know, that special bailiff Richardson held very strong views and opinions in favor of upholding the Local Option law and

against the use or sale of intoxicating liquor even when permitted by law; that he had summoned as jurors men who entertained similar views and prejudices, and affiants did not believe a jury could be empaneled from the list summoned who would give the plaintiffs in error a fair and impartial trial. The challenge to the array was overruled. Plaintiffs in error then moved to quash the information, which motion was overruled. Thereupon a plea of not guilty was entered and the case went to trial before a jury, and at its conclusion the jury returned a verdict finding plaintiffs in error guilty in manner and form as charged in each and every count of the information. Motions in arrest and for a new trial were overruled, judgment rendered on the verdict and plaintiffs in error sentenced to each pay a fine of $100 on each count of the information and be confined in the county jail for a period of thirty days under each of the ten counts, each of said thirty days to run consecutively, and that they stand committed to the county jail until the fine and costs are paid.

The grounds urged for reversal in the brief of plaintiffs in error are, the denial of the motion to quash the venire and the challenge to the array; that they were denied the exercise of their right to challenge peremptorily the number of jurors the law gives them the right to challenge; that the verdict is manifestly against the weight of the evidence, and the plaintiffs in error were unduly restricted in the cross-examination of witnesses for the prosecution.

Section 110 of the statute relating to juries for the law term of county courts (Hurd's Stat. 1917, p. 878,) provides in the first clause that "unless the court shall otherwise order," the jury shall be drawn and summoned in the same manner provided for drawing and summoning juries for the circuit court. When a jury is not summoned in that manner it is the duty of the court, on the first day of the term, to call all cases on the docket and ascertain whether a jury will be required. If one is demanded by any party

to a suit or the State's attorney in any criminal case, the court shall set such case or cases for trial and direct the clerk to issue a venire for twelve competent jurors and deliver the same to the sheriff or coroner, who shall summon such jurors from the body of the county. In case the sheriff, coroner or bailiff be interested in any jury case pending, or in case anybody interested, or any attorney, objects to the sheriff, coroner or bailiff summoning the jury, if the court thinks the objection reasonable he shall appoint an impartial bailiff to summon the jury. It is undeniable that the statute was not followed in summoning the jury. Under the statute the jury is to be drawn and summoned in the same manner as juries in the circuit court unless the court otherwise orders. The county court is given authority to order the jury drawn and summoned in the same manner juries are drawn and summoned in circuit courts, but if the court does not so order it has authority to "otherwise order a jury." The common law powers of courts to provide juries is subordinate to the methods expressly provided by statute, and where there is such a statute it is not to be departed from but must be substantially complied with. (*Healy* v. *People,* 177 Ill. 306.) While it has been often held such statutes are directory, that a substantial compliance with their requirements is sufficient and that a mere irregularity will not be fatal, that is only so where an attempt has been made to follow the statute and there has been some irregularity in doing so. *Murphy* v. *People,* 37 Ill. 447, *Wilhelm* v. *People,* 72 id. 468, *Mapes* v. *People,* 69 id. 523, *Siebert* v. *People,* 143 id. 571, are typical cases where it was held a mere irregularity in providing a jury will not render it invalid. Here no attempt was made to get a jury by either of the methods provided by section 110, but the jury was drawn and summoned in a manner not mentioned or referred to by the statute.

Defendant in error contends that even though the jury may not have been selected and summoned in strict compli-

ance with the requirements of the statute, it is not ground for reversal unless it appears that plaintiffs in error were prejudiced thereby. The reasons for enacting statutes providing the course to be pursued in getting juries and the importance of following the statute were pointed out in *Healy* v. *People, supra.* In that case, also, the court, after referring to decisions holding a substantial compliance with the requirements of the statute is sufficient and that a mere irregularity will not invalidate the jury unless it appears a defendant was prejudiced thereby, said: "An act required by the statute to be done is not deemed indispensable if it is but in the nature of a direction as to the course of the proceedings adopted by the legislature to be pursued in order to accomplish the ultimate object of the enactment, and the omission of such an act or the defective execution thereof will not work reversal of the verdict of the jury unless it should appear the cause of the defeated suitor or defendant in a criminal case had been prejudiced by the failure to observe the statute in its strictness. The right of a defendant in a criminal case to a hearing in accordance with the law of the land is not, however, to be infringed by judicial construction, and within this right is included the right to have his cause submitted to and decided by a jury which had been selected in substantial accordance with the requirements of the statute. In the case at bar the objection is not that some step provided by the statute to be taken in the course of the proceedings marked out by the statute for procuring legal jurors has been omitted or some direction thereof not observed, but that the entire statute, and every requirement and provision of it, has been omitted and the jury selected in a manner which it was the especial purpose and design of the statute to supersede." In that case a judgment of conviction for manslaughter was reversed because the jury was not selected in substantial compliance with the requirements of the statute. Where the law points out a method to be pursued in selecting and

summoning a jury or doing anything else, some attempt should be made to comply with the law. Courts have been very liberal in excusing mere irregularities where an attempt has been made to comply with the law in providing juries, but they cannot hold valid and legal a jury where no attempt has been made to select it in accordance with the requirements of the statute.

As the judgment must be reversed for the error pointed out, it is unnecessary to refer to other errors assigned.

*Reversed and remanded.*