(No. 13463.—Reversed and remanded.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN POKORA, Plaintiff in Error.

*Opinion filed December 21, 1920.*

1. CRIMINAL LAW—*when a prosecution may be had under an amended information.* A prosecution may be had under an amended information although the original information was *nollied* when the defendant appeared to answer the charge therein, where it does not appear that the defendant was unprepared to make his defense to the amended information or was prejudiced in any way by being placed on trial.

2. This case is reversed for reasons stated in *People* v. *Mankus,* 292 Ill. 435.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on writ of error to the County Court of Sangamon county; the Hon. JOHN B. WEAVER, Judge, presiding.

JOHN G. FRIEDMEYER, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, C. F. MORTIMER, State's Attorney, and GEORGE C. DIXON, (EDWARD PREE, and J. M. WELDON, of counsel,) for the People.

Mr. JUSTICE FARMER delivered the opinion of the court:

An information against plaintiff in error (hereafter called defendant) was filed in the county court of Sangamon county by the State's attorney March 11, 1918, charging him with selling intoxicating liquor in less quantities than one gallon without having a license to keep a dramshop. He was arrested and entered into a recognizance to appear and answer to that charge. On the 25th day of April, 1918, the State's attorney filed an amended information against the defendant, charging him in three separate

counts with selling intoxicating liquor in less quantity than five gallons in Woodside township, outside the limits of an incorporated city, village or town, in Sangamon county, Illinois, the defendant not then and there having a license to keep a dram-shop. The three counts are identical. The amended information was sworn to by George H. Faxon. The cause came on for trial July 19, 1918. A jury was empaneled, and after hearing the evidence returned a verdict finding defendant guilty under each of the three counts of the information. Defendant moved for a new trial and in arrest of judgment, which motions were overruled and he was sentenced to pay a fine of $100 under each of said three counts and to be confined in the county jail for a period of ninety days under each of the three counts, "each of said ninety days to run consecutively," and to stand committed to jail until the fine and costs were paid. On a writ of error to the Appellate Court the judgment was affirmed, and a writ of error has been sued out of this court to review the judgment.

Three points are urged for reversal: (1) The county court erred in overruling the challenge to the array of jurors; (2) the county court erred in overruling the motion to quash the amended information; and (3) the judgment and sentence of the county court are irregular and void.

This court passed on the first question raised in *People v. Mankus*, 292 Ill. 435. Defendant here was tried by the same jury, at the same term of court, summoned and drawn in the same manner as the jury that tried Mankus. In that case we held the jury was not legally selected and summoned, and that the county court should have sustained the challenge to the array and motion to quash the venire, and for that reason the judgment was reversed. The same must be the holding here, as the same steps were taken and motions made by defendant in this case as were made by defendant in that case.

It is further urged that the trial court erred in overruling the motion to quash the amended information and requiring defendant to go to trial on the charges contained in it after the State's attorney had *nollied* the original information. The reasons urged in support of that position are, that the amended information charged a different offense from the offense charged in the original information; that defendant never was arrested on the charge in the amended information, but when he appeared to answer to the charge in the original information that information was *nollied* and he was required to go to trial on the amended information. It is not claimed the amended information was defective in form, but the claim is it charged a different offense from the offense charged in the original information, for which a different penalty is provided, and for that reason it was not an amended information and should have been quashed, and when the original information was dismissed defendant should have been discharged. It does not appear that defendant was in any way prejudiced by being placed on trial under the amended information. It was good in form, charging him with the unlawful sale of intoxicating liquors, and so far as this record shows he was as well prepared to go to trial upon the charge in the amended information as he was upon the original information. We are not asked to reverse the judgment on the ground that the defendant was not proven guilty beyond a reasonable doubt, but if we could see that there was any reasonable probability defendant had been caught unprepared to make his defense or had been prejudiced in making his defense to the charge in the amended information we would not hesitate to hold that the court erred in requiring him to go to trial. There is, however, no pretense that anything of that kind occurred and we would not be warranted in reversing the judgment on that ground.

It is unnecessary to pass on the error alleged as to the form of the judgment. The judgment must be reversed

for the reason first stated, and if there is another convic-
tion the court can make its judgment conform to the re-
quirements pointed out in *People* v. *Elliott, 272* Ill. 592.

For the reason first above stated the judgments of the
Appellate Court and county court are reversed and the
cause remanded to the county court for a new trial.

*Reversed and remanded.*