(No. 20985)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* IRVING SCHRAEBERG, Plaintiff in Error.

*Opinion filed February 19, 1932.*

SWEENEY & EAGLE, and EMMET F. BYRNE, (EDWARD L. EAGLE, of counsel,) for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, and BENJAMIN S. BELL, State's Attorney, (DAN H. McNEAL, and FRANCIS J. COYLE, of counsel,) for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

Defendant, Irving Schraeberg, was indicted in the circuit court of Rock Island county, with Max Shapiro, for arson. They were tried together, and the jurors being unable to agree on a verdict were discharged. Shapiro subsequently died. Schraeberg thereafter entered a plea of guilty but later sought to withdraw it. The trial court refused to grant him leave to do so and he was sentenced to the penitentiary. This court reversed the judgment and remanded the cause, with directions to allow defendant to withdraw his plea of guilty and enter a plea of not guilty. (*People* v. *Schraeberg,* 340 Ill. 620.) When the cause was re-docketed in the circuit court the defendant entered a challenge to the array of jurors and it was denied. A jury trial resulted in his conviction, and the cause is here on writ of error.

The challenge to the array was supported by affidavits and oral testimony. It is the basis of the challenge that the panel was selected from a list made by the board of supervisors under and by virtue of the act of June 17, 1929, providing for women jurors; (Laws of 1929, p. 539;) that said act is unconstitutional, in that it attempts to change and modify the right of trial by jury as heretofore enjoyed; that because the act contained no emergency clause it did not go into effect until July 1, 1931; that the board of supervisors, acting on the theory that the act was valid,

took out of the jury box the names of persons already selected for jury service under the old law, discarded the then existing ten per cent list, made a new ten per cent list containing names of men and women under the new act, and selected persons for jury service from such new list and placed the names in the jury box in lieu of those removed; that the present panel was selected from the new names; that the panel was not legally selected, and that the names on the sub-list from which the panel was chosen were not checked off, as required by law.

This court in *People* v. *Barnett,* 344 Ill. 62, held the new act unconstitutional. The effect of that holding was to leave in force the law pertaining to the selection of jurors as it existed prior to the passage of the invalid act. (*People* v. *Fox,* 294 Ill. 263.) The fact that the decision in the *Barnett case* was rendered subsequent to the trial in the case at bar can have no effect upon the rights of defendant. The rule is universal that an unconstitutional law confers no right, imposes no duty and affords no protection. It is in legal contemplation as though no such law had ever been passed. *Highway Comrs.* v. *City of Bloomington,* 253 Ill. 164.

Mere irregularities in the selection of the panel or in the impaneling of a jury do not constitute reversible error where it is not shown the defendant is prejudiced. (*People* v. *Stevens,* 335 Ill. 415; *People* v. *Corder,* 306 id. 264; *Siebert* v. *People,* 143 id. 571.) That rule is applicable only where there has been an attempt to follow the law and there has been some irregularity in doing so. (*People* v. *Mankus,* 292 Ill. 435.) Every defendant charged with a crime is entitled to have his cause submitted to and decided by a jury which has been selected as the law provides. When there is no attempt to follow the substantial provisions of the statute but such provisions are violated to the prejudice of an accused there results a denial of the right to a trial by jury according to the law of the land,

constituting reversible error. (*Healy* v. *People,* 177 Ill. 306; *People* v. *Lembke,* 320 id. 553; *People* v. *Mankus, supra.*) If a defendant upon a criminal charge may be compelled, over his protest and against his challenges, to submit his cause to such jurors as he may be best able to select out of the number so illegally chosen, then the protection which the constitution and the statute were designed to afford is nullified and meaningless. *Healy* v. *People, supra.*

The record in this case shows but one challenge for cause. It does not appear whether or not the defendant used any of his peremptory challenges. When the matter of the incompetency of the jury is once raised it is not necessary to make the same objection on the same ground more than once. It is not required in any legal proceeding to repeatedly urge the same proposition or objection when it is once properly presented and preserved in the record. As an example, it is well settled that where a question put to a witness is objected to on the ground of his incompetency it is not necessary to repeat the special ground of objection to every question thereafter asked of him. (*Taylor* v. *Pegram,* 151 Ill. 106; 26 R. C. L. "Trial" sec. 60.) It would not avail a defendant anything to repeat his challenge to the array as a challenge for cause to each juror, and there is no sound reason for requiring him to do something from which he could derive no benefit, in order to preserve his rights. As was said in *People* v. *Lembke, supra:* "What does it matter in this case that the defendant did not exhaust all his challenges on the regular panel? * * * No one of them, juror or talesman, was legally selected or summoned according to law to act as such juror, and if he had exhausted all of his challenges and had caused one hundred more jurors to be examined he could not in any way have changed or bettered his condition, as any jury that he might finally select or be tried by in this case would have been an unlawful and incompetent

jury because not first qualified and legally selected and put into the jury box under the substantial provisions of our statute." By overruling the challenge to the array the defendant was deprived of the right to be tried by a legally constituted jury, and for that reason the judgment of the trial court must be reversed.

Some of the other assignments of error will be noticed in order that the same errors may not occur again upon another trial.

It is urged that the trial court should have appointed a disinterested special prosecutor, on the ground that the State's attorney and his assistants were disqualified because the State's attorney was one of the principal witnesses for the People. We are not to be understood as holding that a State's attorney may not, under any circumstances, be permitted to testify in a case in which he is engaged, but in the case at bar it was the duty of the court, under all the circumstances shown in the record, to have appointed another prosecutor.

The testimony which related to an alleged statement by Shapiro that Shapiro's brother had had a similar fire in the East was incompetent. It was separable from the other parts of the alleged confession and should not have been brought to the attention of the jury. *People* v. *Spencer*, 264 Ill. 124.

The third instruction given on behalf of the prosecution is subject to the criticism that it tends to indicate the court's belief in the credibility of the confession.

Certain improper remarks were made by counsel for the People in addressing the jury. We refrain from further comment on that matter, but the remarks should not be repeated upon another trial.

For the error in overruling the challenge to the array the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*