(No. 23350.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* PAUL CLAMPITT, Plaintiff in Error.

*Opinion filed February 19, 1936.*

EDWARD S. MARTIN, for plaintiff in error.

OTTO KERNER, Attorney General, LOUIS L. IRWIN, State's Attorney, and A. B. DENNIS, for the People.

Mr. JUSTICE SHAW delivered the opinion of the court:

This writ of error is sued out to review a judgment of the county court of Hancock county in which court plaintiff in error was found guilty on an information charging him with driving an automobile while intoxicated.

Before the trial, the county judge entered an order directing a venire to issue for twenty jurors and ordered the clerk to issue it to the coroner of the county. Plaintiff in error filed a written challenge to the array contending that the court had no power to issue the venire to the coroner, as the sheriff was not disqualified. This motion was overruled. Before the cause was tried an oral motion raising the same question was made. In this motion it was contended that the statute authorizing the court's action is unconstitutional. The sheriff testified that he was present in court the day the venire was issued, was not related to plaintiff in error, was not interested in the matter and was not otherwise disqualified under the statute to serve the venire. This motion was also overruled. Upon a trial of the cause plaintiff in error was found guilty, was sentenced to the State Farm at Vandalia for a period of six months and fined one hundred dollars and costs.

Plaintiff in error contends that the construction placed upon the County Court act by the trial court renders it unconstitutional. He also raises questions as to the instructions and the sufficiency of the evidence.

The County Court act provides in substance that under the circumstances therein set forth the judge shall issue a venire for not less than twelve, nor more than twenty-four competent jurors, as the court shall direct and deliver the same to the sheriff or coroner, who shall summon such

jurors from the body of the county, etc. (Smith's Stat. 1935, chap. 37, sec. 282; Ill. State Bar Stat. 1935, chap. 37, sec. 309.) The county court construed this statute as giving him the option of delivering the venire to either one of the officers named.

When two constructions of a statute are possible, one of which would render it invalid and the other sustain it, that construction will be adopted which validates the act. (*Baker* v. *Baker*, 258 Ill. 418.) Statutes relating to the same subject matter, being *in pari materia* will be construed together as if they were one statute. (*People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railroad Co.* 306 Ill. 459; *People* v. *Wallace*, 291 id. 465; *People* v. *Cowen*, 283 id. 308.) Both the sheriff and the coroner are constitutional officers. (Const. sec. 8, art. 10.) The act concerning coroners provides for the occasions when that officer shall act in place of the sheriff in the following language: "When it appears from the papers in a case that the sheriff or his deputy is a party thereto, or from affidavit filed that he is interested therein, or is of kin, or partial to or prejudiced against either party, the summons, execution or other process may be directed to the coroner, who shall perform all the duties in relation thereto, and attend to the suit in like manner as if he were sheriff; and the interests, consanguinity, partiality or prejudice of the sheriff shall not be cause for a change of venue." Ill. State Bar Stat. 1935, chap. 31, sec. 7; Smith's Stat. 1935, chap. 31, sec. 7.

The legislature may add to but cannot take from the powers and duties of the sheriff. (*Dahnke* v. *People*, 168 Ill. 102; *Fergus* v. *Russel*, 270 id. 304.) The sheriff is the chief executive officer of his county. (*People* v. *Nellis*, 249 Ill. 12.) When we consider the common law and constitutional powers and duties of sheriffs and coroners and the statutory provisions in regard to these same officers, and construe the county court act in connection with these constitutional and statutory provisions, the meaning of the

County Court act becomes clear. The true construction of the words in regard to the venire, which provide that it shall be delivered to the sheriff "or coroner," is that it is to be delivered to the coroner only under the circumstances prescribed in the act in regard to coroners. In the case before us, the sheriff was present in court and in no way disqualified, and it was mandatory that he perform and be permitted to perform his constitutional duty. It follows that the court erred in overruling plaintiff in error's challenge to the array. Where no attempt is made to comply with the legal method provided for summoning jurors, a challenge to the array must be sustained even though no prejudice to the defendant is shown. (*People* v. *Mankus,* 292 Ill. 435; *People* v. *Fudge,* 342 id. 574.) The county court's construction of the statute would render it unconstitutional and that construction cannot be adopted.

For the errors indicated the judgment must be reversed and the cause remanded. It is unnecessary to consider the other errors assigned.

*Reversed and remanded.*