(No. 32645.-

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JULES HOPKINS, Plaintiff in Error.

*Opinion filed March 23, 1953.*

WILLIAM C. JEROME, and STANLEY H. RICHARDS, both of Chicago, for plaintiff in error.

IVAN A. ELLIOTT, Attorney General, of Springfield, and FRANK W. CURRAN, State's Attorney, of Kankakee, (EDWARD P. DROLET, and HARRY L. PATE, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

On February 18, 1935, the defendant, Jules Hopkins, was indicted in the circuit court of Kankakee County for murder. His motion to quash the indictment was overruled, and he pleaded guilty and was sentenced to imprisonment in the penitentiary for ninety-nine years. The case is here on writ of error.

The only contention made by defendant is that his motion to quash the indictment should have been allowed. The motion charged (1) that the grand jury which returned the indictment was not selected proportionately from each town or precinct in the county as required by statute, and (2) that the foreman of the grand jury was not a legally selected grand juror. A third ground advanced in the motion to quash, that the jurisdiction of the grand jury had terminated before it returned the indictment, was abandoned on oral argument.

The facts are stipulated. On December 22, 1934, the presiding judge of the circuit court of Kankakee County entered an order directing the selection of a grand jury.

A resolution of the board of supervisors of the county, adopted on January 8, 1935, selected twenty-three named persons to serve as grand jurors at the January, 1935, term of the circuit court. The population of Kankakee County, according to the Federal census of 1930, was 50,095; the population of Kankakee township was 27,289; there were seventeen townships in the county; one grand juror was selected by the board of supervisors from each township except Kankakee township, and seven grand jurors were selected from Kankakee township. The name of the twenty-third person selected was listed as "E. E. Whimsett" of Kankakee. The sheriff made a return on the summons showing E. E. Whimsett "not found." On January 26, 1935, Dr. George E. Irwin, supervisor of Kankakee township, where G. C. Whimsett resided, changed the name "E. E. Whimsett" on the resolution of January 8 to "G. C. Whimsett." At the request of the county clerk and Dr. Irwin, the circuit clerk took the original summons to the sheriff's office, delivered it to a deputy sheriff, and informed him that the supervisor of Kankakee township had requested that G. C. Whimsett be served as a grand juror. The name "E. E. Whimsett" was changed to "G. C. Whimsett" on the grand jury summons in the sheriff's office. On the same day, January 26, 1935, G. C. Whimsett was served with a grand jury summons. Thereafter, he was appointed foreman of the grand jury and served in that capacity when the challenged indictment was returned. The supervisor of Kankakee township testified that he knew of only one Whimsett, the Rev. G. C. Whimsett who actually served on the grand jury, and that when he wrote the name E. E. Whimsett on the resolution passed by the board of supervisors on January 8, 1935, he had in mind and intended to indicate G. C. Whimsett.

To the extent relevant, section 9 of the Jurors Act, in force in February, 1935, (Ill. Rev. Stat. 1935, chap. 78, par. 9,) when this indictment was returned, provided for

the selection of twenty-three persons, possessing the qualifications prescribed by section 2, "and as near as may be a proportionate number from each town or precinct in their respective counties," to serve as grand jurors. It also provided, "If for any reason the panel of grand jurors shall not be full * * * the judge shall direct the sheriff to summon from the body of the county a sufficient number of persons having the qualifications of jurors, as provided by this Act, to fill the panel."

Defendant contends that compliance with the statutory provision that a proportionate number of grand jurors should be selected "from each town or precinct" required that at least one half of the grand jury should have been selected from Kankakee township. In support of that contention he cites *Miller* v. *People*, 183 Ill. 423; *People* v. *Boston*, 309 Ill. 77, and *People* v. *Green*, 329 Ill. 576. The first and the last of these cases involved grand juries for city courts which were selected from among the residents of the particular city, to the exclusion of residents of the other townships in the county. The factual situations there involved obviously differ widely from that here presented. In *People* v. *Boston*, 309 Ill. 77, numerous grounds were urged in support of a challenge to the array of petit jurors. This court there commented that "Nothing seems to have been done as the statute directs." One of the grounds upon which the challenge was sustained was that while three townships in the county each contained about one per cent of the population of the county, two members of the panel of twenty-four on duty at the time of the trial came from each of those three townships. Again, there is but little similarity to the present case.

The cases relied upon by the defendant do indicate that the requirement of "a proportionate number from each town or precinct" is to be interpreted as referring to the population of the respective townships. They do not suggest, however, that the geographical distribution which is

also commanded by the same phrase can be completely ignored. In apparent recognition of the inherent conflict between a geographical selection and one based upon population, the legislative command was not expressed in absolute terms. Selection was required only to be "as near as may be a proportionate number from each town or precinct." In this case twenty-three grand jurors were to be selected from a county containing seventeen townships. One of the townships contained over half of the population of the county. In our opinion, the method here employed, selection of one grand juror from each of sixteen townships, and the remaining seven from the most heavily populated township, constituted substantial, if not complete, compliance with the statute.

Defendant's other contention is that when the summons was returned "not found" as to E. E. Whimsett, the statute required that the judge direct the sheriff to fill the panel from the body of the county. Because this was not done, he argues that there was no attempt to comply with the statute, and that the indictment should have been quashed even though no prejudice to the defendant was shown. In support of this position, defendant relies upon *People v. Mack*, 367 Ill. 481; *People v. Clampitt*, 362 Ill. 534, and *People v. Lindquist*, 289 Ill. App. 250, in each of which cases it was held that no attempt was made to comply with the substantial statutory provisions for the selection and summoning of grand jurors. We do not so regard the present case. There is here not an absence of any attempt to comply with the statute, but rather an instance of an irregularity in attempting to proceed in accordance with the statute. The effort here was to secure as a grand juror the person actually intended to be selected by the county board to serve in that capacity. Defendant does not suggest that there was any person other than G. C. Whimsett who might have been intended to be selected as a grand juror. In our opinion the irregularity involved in service of the

grand jury summons on G. C. Whimsett does not amount to a substantial departure from the statute.

It is now settled that the statutory provisions concerning the impaneling of a grand jury are directory and not mandatory, and that where there is an attempt to comply with statutory requirements, informalities or irregularities will not vitiate the action of a grand jury in the absence of prejudice to substantial rights of the defendant. (*People* v. *Gibbs,* 413 Ill. 154; *People* v. *Herkless,* 361 Ill. 32; *People* v. *Lieber,* 357 Ill. 423; *People* v. *Birger,* 329 Ill. 352; *People* v. *Wallace,* 303 Ill. 504.) There is no showing in this case of any prejudice to the defendant resulting from the matters of which he complains.

The judgment of the circuit court of Kankakee County is affirmed.

*Judgment affirmed.*