No. 2--06--0238                                          filed: 12-20-06

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE CITY OF ELGIN, | ) | Appeal from the Circuit Court |
| | ) | of Kane County. |
| Plaintiff and Counterdefendant- | ) | |
| Appellee, | ) | |
| | ) | |
| v. | ) | No. 04--OV--1418 |
| | ) | |
| ALL NATIONS WORSHIP CENTER, | ) | |
| | ) | Honorable |
| Defendant and Counterplaintiff- | ) | Michael J. Colwell, |
| Appellant. | ) | Judge, Presiding. |

JUSTICE CALLUM delivered the opinion of the court:

In 2003, defendant, All Nations Worship Center (All Nations), began conducting worship services in Elgin. The city filed a complaint in the circuit court alleging that, under title 19 of the Municipal Code (the zoning ordinance), a church was not a permitted use in the district where All Nations was operating. All Nations responded with a counterclaim alleging that the zoning ordinance was unconstitutional and violated the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA) (42 U.S.C. §2000cc et seq. (2000)). The trial court dismissed the counterclaim and All Nations appeals, contending that its counterclaim stated causes of action under the constitution and RLUIPA. We affirm.

In August 2003, All Nations began conducting services on property it leased in Elgin. Its use of the property included weekly worship services and preaching, counseling, prayer meetings, musical

performances, religious rites such as weddings and baptisms, Bible studies, youth activities, social gatherings, and service projects.

All Nations' property was located in an AB area business district where churches were not allowed as either a permitted or a conditional use pursuant to the zoning ordinance. In an attempt to comply with the ordinance, All Nations applied for a planned unit development permit. However, the city denied its application. The city then filed a complaint in the circuit court alleging that All Nations was violating the ordinance. All Nations answered the complaint and filed a counterclaim alleging that the ordinance was unconstitutional and violated RLUIPA.

All Nations' counterclaim alleged that the zoning ordinance denied it equal protection (U.S. Const., amend. XIV) because the ordinance excluded churches from the AB district but permitted similar, nonreligious uses such as "membership organizations," sports and recreation clubs, motion picture theaters, and funeral services. All Nations also alleged that the ordinance violated RLUIPA, which requires that municipal zoning not discriminate against church uses (42 U.S.C. §§2000cc(b)(1), (b)(2) (2000)) and not unreasonably limit religious assemblies within a jurisdiction (42 U.S.C. §2000cc(b)(3)(B) (2000)). All Nations alleged that the ordinance permitted various types of non-religious assemblies in the AB zoning district but excluded churches, thus discriminating against churches. Moreover, the ordinance permitted churches as a matter of right in only 1 of 30 zoning categories, and as conditional uses in 2 more, thus unreasonably restricting churches from locating within the city. After All Nations filed its counterclaim, the city dismissed its complaint.

During this time, the city amended the zoning ordinance. After the amendment, a church can be a conditional use in the RB residence business district, the NB neighborhood business district, and the AB area business district. Elgin Ordinance No. G65--05, eff. July 27, 2005. Similar non-religious

uses would also have to apply for conditional use permits in those districts. Elgin Ordinance No. G65--05, eff. July 27, 2005. The city then moved to dismiss All Nations' counterclaim, contending that the amendments cured any defects in the zoning ordinance. See 735 ILCS 5/2--619 (West 2004). The trial court dismissed the counterclaim and All Nations timely appeals.

All Nations does not appear to dispute that the amendment cured the perceived problems with the zoning ordinance. However, it contends that the trial court nevertheless erred in dismissing its counterclaim. All Nations argues that, prior to the amendment, it acquired a vested right to continue to operate without obtaining a conditional use permit. According to All Nations, because the ordinance was unconstitutional before it was amended, we should proceed as if the ordinance never existed. Because no zoning ordinance ever existed, All Nations was entitled to use its property any way it wished. Because it expended considerable amounts in making the property suitable for worship services, it acquired a vested right to continue operating in that fashion even after the ordinance was amended.

The city first responds that the case is moot. According to the city, the amendment cured the defects in the zoning ordinance that All Nations identified and, accordingly, All Nations can obtain no further relief. An appeal is moot where it presents no actual controversy or where the issues involved in the trial court no longer exist because intervening events have rendered it impossible for the reviewing court to grant effectual relief to the complaining party. In re J.T., 221 Ill. 2d 338, 349-50 (2006). Here, All Nations seeks, in essence, a declaration that it may continue to hold services without the necessity of obtaining a conditional use permit from the city. A judgment in its favor would mean that it does not have to obtain a conditional use permit. Because it is possible for All Nations to receive effectual relief, the case is not moot.

The city further contends that the trial court properly dismissed All Nations' complaint because All Nations did not acquire a vested right to continue its operations. The city contends that All Nations cannot attack the preamendment zoning ordinance as void and at the same time claim a vested right thereunder. The city appears to miss the point of All Nations' argument, but not by much. All Nations argues that it acquired a vested right, not under the preamendment ordinance, but under the "common law" of zoning, i.e., as if no zoning ordinance ever existed. Nevertheless, we agree with the city's primary contention that All Nations did not acquire a vested right to continue operating and, accordingly, the trial court properly dismissed its counterclaim.

A complaint or, as here, a counterclaim should not be dismissed under section 2--619 of the Code of Civil Procedure (735 ILCS 5/2--619 (West 2004)) unless it clearly appears that no set of facts could be proved under the pleadings that would entitle the plaintiff to relief. Ogle v. Fuiten, 102 Ill. 2d 356, 360-61 (1984); Capitol Indemnity Corp. v. Stewart Smith Intermediaries, Inc., 229 Ill. App. 3d 119, 123 (1992). We review de novo the dismissal of a pleading pursuant to section 2--619. Hartshorn v. State Farm Insurance Co., 361 Ill. App. 3d 731, 735 (2005).

Initially, we note that there are several parallels between this case and Civil Liberties for Urban Believers v. City of Chicago, 342 F.3d 752 (7th Cir. 2003). There, an association of churches and five of its individual members sued the city, claiming that its zoning ordinance violated the constitution and RIULPA. The opinion describes the arduous processes that the member churches endured to obtain suitable locations within the city for their facilities and to obtain zoning approval. While the case was pending, the city amended its zoning ordinance. On appeal, the Seventh Circuit held that the amended ordinance complied with the constitution and the statute. The court noted that while the five churches had faced substantial burdens in opening their new facilities, they were the

same burdens faced by any other individual or entity seeking to conduct business in the city. <u>Civil Liberties</u>, 342 F.3d at 761. Accordingly, the new ordinance did not discriminate against churches.

All Nations, seeking to avoid the fate of the <u>Civil Liberties</u> plaintiffs, argues that it may proceed with its claims because it acquired a vested right to operate. Generally, there is no vested right to the continuation of a zoning ordinance. <u>1350 Lake Shore Associates v. Casalino</u>, 363 Ill. App. 3d 806, 814 (2005). However, " 'where there has been a substantial change of position, expenditures or incurrence of obligations made in good faith by an innocent party under a building permit or in reliance upon the probability of its issuance, such party has a vested property right and he may complete the construction and use the premises for the purposes originally authorized, irrespective of subsequent zoning or a change in zoning classification.' " <u>1350 Lake Shore Associates</u>, 363 Ill. App. 3d at 814, quoting <u>People ex rel. Skokie Town House Builders, Inc. v. Village of Morton Grove</u>, 16 Ill. 2d 183, 191 (1959).

Although it does not use this precise terminology, All Nations' argument is based on the premise that the Elgin zoning ordinance was void <u>ab initio</u>. It has been stated that "[a]n unconstitutional law 'confers no right, imposes no duty and affords no protection. It is *** as though no such law had ever been passed.' " <u>People v. Gersch</u>, 135 Ill. 2d 384, 399 (1990), quoting <u>People v. Schraeberg</u>, 347 Ill. 392, 394 (1932). Thus, All Nations claims to have a vested right, not under the ordinance itself, but under the law as it existed before the ordinance was passed. There are two fatal flaws in this argument, however.

First, the void <u>ab initio</u> doctrine applies only to statutes and ordinances that are unconstitutional on their face. <u>Hill v. Cowan</u>, 202 Ill. 2d 151, 156 (2002). All Nations could not plausibly claim that the Elgin zoning ordinance was facially unconstitutional. At most, All Nations'

contention is that the ordinance was unconstitutional as applied to it.  Therefore, the ordinance was not void <u>ab</u> <u>initio</u>.

Second, and perhaps more important, vested rights are acquired by attempting to comply with an ordinance as written.  As noted, when a party expends substantial time and effort attempting to comply with an ordinance as it then exists and the legislative body amends the ordinance, the party may acquire a vested right to proceed under the old ordinance.  <u>1350 Lake Shore Associates</u>, 363 Ill. App. 3d at 814.  Here, however, All Nations proceeded <u>in violation</u> of the zoning ordinance as written.  It is difficult to see how All Nations can claim a vested right to ignore the existing ordinance.

The supreme court recently discussed the void <u>ab initio</u> doctrine in <u>Perlstein v. Wolk</u>, 218 Ill. 2d 448 (2006).  The court noted that " '[t]he actual existence of a statute, prior to [a determination of unconstitutionality], is an operative fact and may have consequences which cannot justly be ignored.' "  <u>Perlstein</u>, 218 Ill. 2d at 461, quoting <u>Chicot County Drainage District v. Baxter State Bank</u>, 308 U.S. 371, 374, 84 L. Ed. 329, 332-33, 60 S. Ct. 317, 318 (1940).  The court adopted an equitable approach to application of the void <u>ab initio</u> doctrine, "tempered by considerations of reasonableness and <u>good-faith reliance on the purportedly valid statute</u>."  (Emphasis added.) <u>Perlstein</u>, 218 Ill. 2d at 463.  The court emphasized that individuals are not "required or empowered" to determine whether a law is unconstitutional.  <u>Perlstein</u>, 218 Ill. 2d at 459.  The court quoted extensively from a Delaware case:

" 'The Delaware Landlord Distress Law has never been adjudged unconstitutional. Therefore, it is clothed by a presumption of constitutionality. [Citations.] The [defendants] in the instant case were entitled to rely upon that presumption of constitutionality and validity, and to act reasonably and in good faith under the provisions of the Law as it then existed.

Citizens and public officials have a right to accept the law as it is written until it is repealed or judicially condemned. They are not required to speculate upon the validity of a statute or to act under it at their peril. Until legislatively or judicially excised, a statute is an operative fact. Courts presume every legislative act constitutional and indulge every intendment in favor of validity. No penalty may be visited upon citizens for doing likewise.' " Perlstein, 218 Ill. 2d at 463-64, quoting Downs v. Jacobs, 272 A.2d 706, 707 (Del. 1970).

Perlstein holds that the existence of an ordinance is a historical fact that cannot simply be ignored. While a party may have a right to assume that an ordinance is valid and proceed accordingly, it has no corresponding right to do the contrary: to assume that the ordinance is invalid and proceed in violation of it. As Perlstein put it, a party is not "empowered" to determine for itself whether an ordinance is unconstitutional. Perlstein, 218 Ill. 2d at 459. That is what All Nations did here: it proceeded in violation of the zoning ordinance as written on the assumption that it would be found unconstitutional. However, no one had so found when All Nations began its operations. All Nations simply could not acquire a vested right to conduct services in violation of the presumptively valid ordinance.

All Nations cites City of Marengo v. Pollack, 335 Ill. App. 3d 981 (2002), apparently for the proposition that even an illegal use of property can create vested rights. However, Marengo does not so hold. There, the defendant repaired and sold pallets, which was always a legal use. At some point, the city amended its zoning ordinance, which had the effect of reducing the percentage of property that could be devoted to outdoor storage. The defendant used a much greater percentage of its property for storing pallets. The city later recodified its zoning ordinance, creating a new industrial zone. The city then filed a complaint, alleging that because the defendant had continually

violated the outdoor-storage restriction, its use of the property was not a legal nonconforming use. This court rejected the argument, holding that it could easily separate the permitted use from the prohibited use. Marengo, 335 Ill. App. 3d at 988. This court held that the defendant could continue the permitted use, but did not hold that it could continue the prohibited use.

Because All Nations did not have a vested right to continue operations in violation of the zoning ordinance, the trial court properly dismissed its counterclaim. We note that All Nations is not without a remedy. As the city points out, under the amended ordinance churches are now a conditional use in the AB zone where All Nations' property is located. In its brief, the city states that it would have no legitimate basis to oppose a conditional use permit for the subject property. While this statement is not binding on the city should All Nations choose to apply for a permit, it is at least some indication that the city is not prepared to close the door on the All Nations facility.

The judgment of the circuit court of Kane County is affirmed.

Affirmed.

GROMETER, P.J., and HUTCHINSON, J., concur.