No. 2--06--0793     Filed: 5-9-07

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE CITY OF ELGIN, | ) | Appeal from the Circuit Court |
| | ) | of Kane County. |
| Plaintiff and Counterdefendant-Appellee, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 04--OV--1418 |
| | ) | |
| ALL NATIONS WORSHIP CENTER, | ) | |
| | ) | Honorable |
| Defendant and Counterplaintiff-Appellant. | ) | Michael J. Colwell, |
| | ) | Judge, Presiding. |

JUSTICE CALLUM delivered the opinion of the court:

Defendant, All Nations Worship Center, appeals the circuit court's order denying its petition for attorney fees pursuant to the Illinois Religious Freedom Restoration Act (the Act) (775 ILCS 35/20 (West 2004)). Defendant contends that it was entitled to fees as a "party who prevailed" in its litigation against plaintiff, the City of Elgin. Because defendant did not prevail in any significant sense in the underlying litigation, we affirm.

In August 2003, All Nations began conducting church services on property it leased in Elgin. All Nations' property was located in an AB Area Business District, where the city's zoning ordinance did not allow a church as either a permitted or a conditional use. The city filed a complaint in the circuit court, alleging that All Nations was violating the ordinance. All Nations answered the complaint and filed a counterclaim alleging that the ordinance was unconstitutional.

On May 23, 2005, the trial court entered an agreed order, in which the city dismissed its complaint without prejudice and agreed to allow All Nations to occupy the property while the city considered whether to amend its zoning ordinance. Ultimately, the city did amend the ordinance to provide that a church can be a conditional use in several zoning districts, including the AB Area Business District. Elgin Ordinance No. G65--05, eff. July 27, 2005. Under the amended ordinance, similar nonreligious uses would also have to apply for conditional use permits in those districts. Elgin Ordinance No. G65--05, eff. July 27, 2005. The trial court then dismissed All Nations' counterclaim, holding that the amendment cured any defects in the zoning ordinance. All Nations appealed and this court affirmed. City of Elgin v. All Nations Worship Center, 369 Ill. App. 3d 664 (2006).

All Nations then filed a petition for attorney fees under the Act, which provides that a "party who prevails in an action to enforce this Act against a government" is entitled to recover its attorney fees and costs. 775 ILCS 35/20 (West 2004). The trial court denied the petition, finding that All Nations did not prevail in the underlying litigation. All Nations appeals.

All Nations contends that it was a prevailing party for two reasons. First, the May 23, 2005, order was a judicially sanctioned settlement under which the city agreed to dismiss its complaint and allow All Nations to continue to operate. Second, in response to the counterclaim, the city voluntarily amended its zoning ordinance to address All Nations' concerns. The city responds that All Nations ultimately lost in the underlying litigation and that the voluntary amendment of the ordinance was not the type of judicially sanctioned relief that triggers the Act's fee-shifting provision.

We first address the standard of review. The facts are undisputed. Therefore, whether All Nations was a prevailing party under the relevant statute is solely an issue of statutory construction, which we review de novo. Melton v. Frigidaire, 346 Ill. App. 3d 331, 334-35 (2004).

Under the "American Rule," parties generally pay their own attorney fees and the winner is not entitled to collect those fees from the loser. Melton, 346 Ill. App. 3d at 335. Certain statutes, however, provide for an award of attorney fees to the prevailing party. Melton, 346 Ill. App. 3d at 335. The question, then, becomes what type of relief a party must receive in order to be deemed a prevailing party.

Both parties discuss Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources, 532 U.S. 598, 149 L. Ed. 2d 855, 121 S. Ct. 1835 (2001). There, in interpreting the meaning of "prevailing party" in fee-shifting provisions of two federal statutes, the Supreme Court rejected the "catalyst theory," under which a party may recover attorney fees if the lawsuit prompts the defendant to voluntarily change its conduct. The court held that a "prevailing party" is one who has been awarded some relief by the court. Buckhannon, 532 U.S. at 603, 149 L. Ed. 2d at 862, 121 S. Ct. at 1839. In addition to a judgment on the merits, a settlement agreement enforced through a consent decree may also be the basis for an attorney fee award. Buckhannon, 532 U.S. at 604, 149 L. Ed. 2d at 862, 121 S. Ct. at 1840. However, a private settlement does not entail the judicial approval and oversight involved in a consent decree. Buckhannon, 532 U.S. at 604 n.7, 149 L. Ed. 2d at 863 n.7, 121 S. Ct. at 1840 n.7. The catalyst theory would allow an attorney fee award where there is no judicially sanctioned change in the parties' legal relationship. However, such a voluntary change in conduct "lacks the necessary judicial imprimatur on the change." Buckhannon, 532 U.S. at 605, 149 L. Ed. 2d at 863, 121 S. Ct. at 1840.

Subsequent cases, typified by <u>Melton</u>, have interpreted <u>Buckhannon</u> broadly as including any type of judicially enforceable settlement agreement as justifying a fee award. Nevertheless, the plaintiff must obtain some type of permanent and effectual relief. For example, the plaintiff in <u>Melton</u> received the refund she was seeking. <u>Melton</u>, 346 Ill. App. 3d at 333. In short, a settlement agreement must represent an " 'alteration in the legal relationship of the parties.' " <u>Melton</u>, 346 Ill. App. 3d at 337, quoting <u>Buckhannon</u>, 532 U.S. at 605, 149 L. Ed. 2d at 863, 121 S. Ct. at 1840.

On its face, the May 23 order appears to fit into the category of a judicially approved settlement. The problem is that the church's "victory" was temporary and, ultimately, pyrrhic. The order provides that the city would dismiss its complaint <u>without prejudice</u> and that the church could continue to occupy the premises while the city considered amending its zoning ordinance. Rather than an "alteration of the legal relationship of the parties," the order appears to be just the opposite: an agreement to preserve the status quo. During protracted litigation, any party is likely to win some temporary victory, be it the dismissal of the complaint without prejudice or the defeat of a motion for summary judgment. To hold that a party who wins any type of victory during the course of litigation, no matter how fleeting, is entitled to attorney fees, would expand the definition of "prevailing party" beyond all meaning. See <u>Buckhannon</u>, 532 U.S. at 605, 149 L. Ed. 2d at 863, 121 S. Ct. at 1840, quoting <u>Hewitt v. Helms</u>, 482 U.S. 755, 760, 96 L. Ed. 2d 654, 661, 107 S. Ct. 2672, 2676 (1987) (reversal of order dismissing complaint for failure to state a claim was " 'not the stuff of which legal victories are made' ").

All Nations' argument that it prevailed because the city voluntarily amended its ordinance also fails. This is virtually the same argument that <u>Buckhannon</u> rejected. Although cases such as <u>Melton</u> have tended to expand <u>Buckhannon</u>'s definition of a prevailing party, they hold only that voluntary settlements incorporated into judicial orders may support attorney fee awards. Here, the

order provided only that the city would <u>consider</u> amending the ordinance; the actual amendment was purely voluntary, and All Nations has not cited any case holding that purely voluntary conduct by a defendant makes the plaintiff a prevailing party so as to support an attorney fee award.

Of course, <u>Buckhannon</u> was interpreting federal statutes and is not binding on us. However, even if this court wholeheartedly endorsed the catalyst theory, it is not clear that the church would be entitled to fees, because the city's voluntary amendment of the ordinance did not really make the church better off. It was still operating illegally. After the amendment, it merely had the right to apply for a special use permit on the same basis as other, similar uses. As with the previous argument, if such an incremental change in a party's position were the basis of an attorney fee award, there would be no limit to who would be entitled to apply for one.

The judgment of the circuit court of Kane County is affirmed.

Affirmed.

GROMETER, P.J., and HUTCHINSON, J., concur.