# Illinois Official Reports

## Appellate Court

*In re Marriage of Linta*, 2014 IL App (2d) 130862

| | |
|---|---|
| Appellate Court Caption | *In re* MARRIAGE OF TARA LINTA, Petitioner-Appellant, and WARREN LINTA, Respondent-Appellee. |
| District & No. | Second District<br>Docket No. 2-13-0862 |
| Filed | September 17, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In postjudgment proceedings with respect to a divorce initially entered in Nevada with a judgment that incorporated a marital settlement agreement including a prevailing-party provision regarding attorney fees, and then the judgment was registered as an Illinois judgment, the trial court, after considering petitions brought by both parties, did not abuse its discretion in requiring each party to pay his or her own attorney fees, where the court could have concluded that neither party "prevailed" and section 502(b) of the Illinois Marriage and Dissolution of Marriage Act did not bind the court to follow the prevailing-party provision when the proceedings involved the care and custody of minors. |
| Decision Under Review | Appeal from the Circuit Court of Kane County, No. 12-D-257; the Hon. David P. Kliment and the Hon. Kevin T. Busch, Judges, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Robert D. Felker, of Felker & Reganti, of Chicago, for appellant.<br><br>No brief filed for appellee. |

Panel                       JUSTICE HUTCHINSON delivered the judgment of the court, with opinion.
Justices Zenoff and Birkett concurred in the judgment and opinion.

**OPINION**

¶ 1       In 2011, a Nevada court entered a judgment that dissolved the marriage between petitioner, Tara Linta, and respondent, Warren Linta. The dissolution judgment incorporated a marital settlement agreement, which contained a prevailing-party provision with respect to attorney fees (prevailing-party provision). Thereafter, the parties and their minor children relocated to Illinois and the Nevada judgment was registered as an Illinois judgment. Following various petitions brought by both parties, the trial court denied petitioner's request for attorney fees pursuant to the prevailing-party provision. Petitioner now appeals, contending that the trial court erred in denying her request for fees. We affirm.

¶ 2       The record reflects that, on August 1, 2011, the circuit court of Washoe County, Nevada, entered a judgment for dissolution of the marriage between petitioner and respondent. The judgment incorporated a marital settlement agreement, which included the prevailing-party provision: "In any action arising hereunder, or any separate action pertaining to the validity of this Agreement, the prevailing party shall be awarded reasonable attorney fees and costs."

¶ 3       Thereafter, both parties moved to Kane County with their two minor children. On February 21, 2012, petitioner filed petitions in the trial court to enroll the judgment of the Nevada court, modify child support, and modify visitation. On April 12, 2012, the trial court entered an agreed order that enrolled and entered the Nevada judgment.

¶ 4       On April 27, 2012, respondent responded to petitioner's child-support and visitation modification petitions, asking that the court deny them. On May 30, 2012, petitioner filed a petition for temporary child support, requesting that respondent increase his payments to 28% of his net income due to a wage increase.

¶ 5       On June 11, 2012, the trial court ordered the parties to mediate the visitation issue. The parties reached an agreement through mediation on July 16, 2012. In the interim, respondent petitioned to remove the action to Nevada or have the trial court apply Nevada law to the pending petitions, pursuant to a removal and choice-of-law provision in the marital settlement agreement. Additionally, on July 9, 2012, respondent filed his response to the petition for temporary child support asking the court to deny petitioner's petition. The trial court requested briefs from both parties on the removal and choice-of-law issues.

¶ 6       On July 27, 2012, petitioner filed a petition for an emergency order of protection against respondent, claiming that he had slapped one of the children, causing petitioner to fear for her safety and the safety of the children. The court denied the emergency order of protection but suspended respondent's visitation for one day and appointed a guardian *ad litem*; the parties were ordered to evenly split the cost. On July 30, 2012, the court resumed the visitation schedule in the marital settlement agreement and ordered the parties to attend family counseling.

¶ 7        On August 23, 2012, the trial court determined that Illinois law applied to the petitions for modification of child support and visitation. The trial court granted petitioner's petition for modification of child support. The trial court further ordered that the parties share equally in the cost of child care and ordered petitioner to submit a bill to respondent no later than the tenth day of each month or incur the total of that month's expenses. The trial court also ordered that the parties adhere to the visitation schedule agreed upon with the mediator. With the trial court's leave, both parties filed petitions for attorney fees with respect to the petition to enroll the Nevada judgment, the petition for an emergency order of protection, the petition to modify child support, the petition to modify visitation, and the removal and choice-of-law briefs.

¶ 8        Thereafter, on January 11, 2013, respondent filed a petition to modify child support. The trial court granted respondent's petition on February 7, 2013. Respondent then filed an amended petition for attorney fees.

¶ 9        On April 29, 2013, the trial court denied both petitioner's and respondent's respective petitions for attorney fees. The trial court found that the attorney fees were to be "offset in their entirety" and that "[e]ach party shall be responsible for their own attorney fees." Petitioner timely appealed.

¶ 10        Before we address the merits, we note that respondent has not filed a response brief. However, the record is simple and the claimed errors are such that we can easily decide them without the aid of an appellee's brief. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 11        Turning to the merits, petitioner's only contention in this appeal is that the trial court erred in denying her petition for attorney fees. Petitioner claims that the prevailing-party provision was binding on the trial court. Petitioner argues that, by denying an attorney-fee award, the trial court effectively vacated that provision from the marital settlement agreement. Petitioner further argues that the trial court abused its discretion in denying her petition for fees.

¶ 12        With respect to the marital settlement agreement, section 502(b) of the Illinois Marriage and Dissolution of Marriage Act provides: "The terms of the agreement, except those providing for the support, custody and visitation of children, are binding upon the court unless it finds, after considering the economic circumstances of the parties and other relevant evidence produced by the parties, on their own motion or on request of the court, that the agreement is unconscionable." 750 ILCS 5/502(b) (West 2010). Marital settlement agreements are contracts, and thus the rules governing the interpretation of contracts apply. See *In re Marriage of Murphy*, 359 Ill. App. 3d 289, 300 (2005). Generally, the primary obligation for the payment of attorney fees in a marriage-dissolution action rests on the party on whose behalf the services were rendered. *In re Marriage of Patel*, 2013 IL App (1st) 112571, ¶ 113. An exception exists when a contract provides for an award of attorney fees. *Mirar Development, Inc. v. Kroner*, 308 Ill. App. 3d 483, 488 (1999). Contractual provisions for attorney fees must be strictly construed. *Id.*

¶ 13        At the outset, we note that under Illinois law the prevailing-party provision is unenforceable as applied to issues related to the children. Petitioner is seeking to invoke the provision with respect to her petitions to modify child support and visitation. Section 502(b) expressly provides that marital settlement agreements are binding "except those providing for the support, custody and visitation" of children. 750 ILCS 5/502(b) (West 2010). Portions of a marital settlement agreement that relate to support, custody, and visitation of children are not binding on the trial court. *In re Marriage of Ingram*, 259 Ill. App. 3d 685, 689 (1994).

¶ 14   We find this court's holding in *In re Marriage of Best*, 387 Ill. App. 3d 948 (2009), instructive. In *Best*, the parties' premarital agreement provided that " '[t]he parties acknowledge, understand and agree that in the event of any court proceeding of and concerning their marital relationship or dissolution thereof, that [*sic*] each party shall pay and be responsible for payment of their own respective attorney fees and all ancillary costs incurred in connection with any such proceeding.' " *Id.* at 949. We found that the fee-shifting ban violated Illinois public policy requiring that a child's right to support may not be adversely affected by a premarital agreement. *Id.* at 954. We emphasized that the law severely limits on public-policy grounds the enforceability of contracts affecting the custody and support of children. Further, Illinois law *per se* rejects premarital agreements that impair child-support rights or specify custody. *Id.* at 951.

¶ 15   In reaching our holding in *Best*, we looked beyond Illinois to *In re Marriage of Ikeler*, 161 P.3d 663 (Colo. 2007), for guidance on whether fee-shifting bans violate public policy. *Best*, 387 Ill. App. 3d at 952. *Ikeler* noted that a fee-shifting ban could harm children by "substantially impair[ing]" the lesser-earning spouse's ability to effectively litigate issues involving children. *Ikeler*, 161 P.3d at 670-71. The inability to effectively litigate issues involving the best interests of children would, in turn, negatively impact the court's ability to assess the best interests of children. *Id*. In *Best*, we adopted this reasoning in determining that fee-shifting bans in premarital agreements violate Illinois public policy. *Best*, 387 Ill. App. 3d at 954.

¶ 16   The *Ikeler* court's reasoning is equally persuasive as to a prevailing-party provision in a marital settlement agreement. As with attorney-fee bans, a lesser-earning spouse seeking to litigate child-related issues might be hesitant to bring a petition, even when doing so would be in the children's best interests. Specifically, that spouse could fear being unsuccessful and having to pay not only his or her attorney fees, *but also the other spouse's attorney fees* pursuant to a prevailing-party provision. This, in turn, would negatively impact a court's ability to assess the children's best interests. Courts have a responsibility to protect the best interests of the children in child-support matters; to this end, courts are not bound by the parties' agreements as to child support, and settlement agreements may not be made nonmodifiable in that regard. *In re Marriage of Wittland*, 361 Ill. App. 3d 785, 788 (2005). We note that section 508 still allows a court to order any party to pay a reasonable amount for his own or the other party's costs and attorney fees, after considering the financial resources of the parties. See 750 ILCS 5/508(a) (West 2010). However, we hold that, as a matter of Illinois public policy, a marital settlement agreement cannot preordain attorney fees to a prevailing party in matters related to the best interests of children.

¶ 17   We now turn to petitioner's claims for attorney fees pursuant to the prevailing-party provision as it relates to the agreed order enrolling the Nevada judgment in Kane County, the issue of removal to Nevada, and the trial court's choice-of-law ruling.

¶ 18   We find *City of Elgin v. All Nations Worship Center*, 373 Ill. App. 3d 167 (2007), to be persuasive on the issue of petitioner's claimed victory in enrolling the Nevada judgment in Kane County by way of an agreed order. In *City of Elgin*, this court addressed a prevailing-party provision in a contract and found against All Nations, which sought attorney fees pursuant to an agreed order. The agreed order allowed All Nations to continue conducting church services in an area that did not permit a church, pursuant to a zoning ordinance. *Id*. at 168. The trial court denied the fee award and we affirmed. We determined that the agreed

order preserved the status quo rather than altered the parties' legal relationship. *Id.* at 170. We emphasized that to hold that a party who wins any type of victory during the course of litigation, no matter how fleeting, is entitled to attorney fees would expand the definition of "prevailing party" beyond all meaning. *Id.*

¶ 19 Similarly, here, petitioner is seeking an award pursuant to an agreed order, which enrolled the Nevada judgment in Kane County. This order operated to preserve the status quo and did not alter the legal relationship between the parties. Moreover, with respect to the choice-of-law and removal issues, though the trial court ruled in petitioner's favor on some issues, those favorable rulings do not necessarily create a basis for a fee award. When a dispute involves multiple claims, and both parties have won and lost on different claims, it is appropriate to find that neither party is the prevailing party and that an award of attorney fees to either would be inappropriate. See *Brown & Kerr, Inc. v. American Stores Properties, Inc.*, 306 Ill. App. 3d 1023, 1034-35 (1999) (holding that the trial court did not err in denying an attorney-fee request where the parties "both won and lost on claims" before the trial court). Here, while petitioner was successful in the ruling denying respondent's petition to apply Nevada law and remove to Nevada, all other rulings resulted in the agreed order or grants and denials on some issues for each party.

¶ 20 In sum, we find that petitioner is not entitled to attorney fees based on the prevailing-party provision. The language of section 502(b) does not bind the trial court to the settlement agreement for issues involving the care and custody of minors. 750 ILCS 5/502(b) (West 2010). In addition, we reject petitioner's assertion that the trial court erred as a matter of law in its interpretation of the prevailing-party provision. Rather, whether and in what amount to award attorney fees was within the trial court's discretion and its decision will not be disturbed on review absent an abuse of that discretion. *In re Estate of Callahan*, 144 Ill. 2d 32, 43-44 (1991). Because the trial court could have concluded that neither party "prevailed," its determination to offset the attorney fees in their entirety between both parties and to make each party responsible for his or her own attorney fees was not an abuse of discretion.

¶ 21 For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 22 Affirmed.